PEOPLE EX REL. ALONZO GREEN V. ISAAC D. MCCUTCHEON, JUDGE OF PROBATE OF EATON COUNTY.

*Mandamus to vacate an amendment made to a probate order without notice and upon the judge's own motion.*

A judgment does not exist until put in due form by the court, nor become appealable until it is entered.

A judgment cannot be materially changed, if at all, without giving notice to the party injured by such action.

Any set-off against the demands of creditors upon a decedent's estate must be presented on the hearing of the claims, unless there is reason to the contrary, and when once asserted, it cannot be withdrawn.

MANDAMUS to vacate an order made by the probate court without notice, amending a former order. Submitted January 7. Decided January 23. The facts are in the opinion.

*H. F. Remington* for the writ.

*M. V. Montgomery* against.

CAMPBELL, C. J.   Relator having a claim against his father's estate undertook to prove it before respondent acting in lieu of commissioners. The estate introduced a claim of set-off on which relator claims proofs were put in, while respondent in his return says there was no such proof. Respondent says that during the trial and before the final determination of the cause the set-off was withdrawn. The decision was announced June 8, 1877. The order was not entered in fact until July 31, 1877, when it was made in form disallowing both claim and set-off without costs to either party.

On the 23d of August, 1877, without notice to relator, respondent made a new order vacating so much of the former order as disallowed the set-off and gave no costs, on the expressed ground that the set-off was withdrawn before the disallowance.

Relator knew nothing of this until after the time for appeal had expired in December, 1877, when suit was brought on one of the set-off claims. A special appeal being denied by the circuit court, relator applied to the probate court to vacate the order of August 23d. This application was refused.

There seems to have been some misapprehension concerning several things in this controversy. Until July 31, 1877, there was no valid order in existence. No judgment can exist until it is put in form by the court.

Having been entered it for the first time became appealable. If the court had power to change it in any material way, it could not be done without giving the aggrieved party an opportunity of being heard. He had no desire to appeal from the order as originally made. But the effect of the new order was to deprive him of the benefit of a judgment in his favor, and from that time on, the old judgment and the new would have constituted together the judgment for the first time entered on the merits, on which justice demanded that he should have a full right of appeal, so as to open the whole controversy for rehearing in the circuit court. No new judgment could lawfully be entered in the probate court which would not have the effect of a judgment on rehearing. The course taken cut off substantial rights, and was unlawful.

But another question arises which requires some notice. The statute evidently contemplates that in all cases where it is practicable, the representative of the estate shall exhibit such claims of set-off as exist against the demand of a creditor, so that the final determination shall show the balance due either party after deducting one claim from the other. Comp. L., § 4428. This is not intended to be left to the discretion of the executor or administrator; and while we are not required to determine the effect of such omission in all cases, we have no doubt the law was passed to secure this action in cases where there is no reason to the contrary. It is essential to the interests of creditors and distributees that the estate shall be closed as quickly and cheaply as possible, and that the amount of assets shall be early liquidated and collected. If the estate may avoid putting in set-offs, the creditor who is at the same time a debtor may also prefer to have his own claim passed on in a suit at law, and thus greatly postpone a settlement. Comp. L., § 4436.

We think it would be going too far to hold that when a set-off has once been asserted on a hearing of claims

before commissioners, or before the judge of probate, it can then be withdrawn, so as to give the representatives a chance to litigate in a different forum from that which passes on the claim against the estate.

Under these circumstances we think justice demands that this controversy be regarded as not having been legally or properly determined, and that the court of probate should be required to vacate the whole order as amended, and try the facts over again, including the set-off as well as relator's demand.

A mandamus will issue accordingly.

The other Justices concurred.