JOHANNA M. QUINN, ADMINISTRATRIX, ETC., v. PETER McGOVERN.

*Estates of deceased persons—Claims—Set-off.*

1. In a suit brought by an administrator to recover a debt due the estate, the defendant cannot set off a counter-claim which he has failed to present to the commissioners on claims.

2. How. Stat. § 5905, which permits a defendant in certain cases to set off a claim against the estate of a deceased person, instead of presenting it to the commissioners on claims, applies to suits begun during the life-time of the decedent, and prosecuted by the administrator of his estate, and not to suits brought by the administrator to recover debts due the estate.

3. Where the estate of a deceased person has not been closed by final distribution, a claimant who has failed to present a claim to the commissioners on claims has the right, under How. Stat. § 5894, to petition the probate court for an order reviving the commission, and allowing him time to present his claim, and on its allowance is entitled to *prorate* with the other creditors.

Error to Iron. (Stone, J.) Submitted on briefs July 26, 1893. Decided October 2, 1893.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*W. H. Webster,* for appellant.

*C. T. Crandall (Charles E. Vroman,* of counsel), for plaintiff.

Long, J. This action was brought in the circuit court of Iron county to recover the sum of $1,000, claimed to be due on a promissory note of that amount.[1] The declaration was on the common counts in *assumpsit.* The defendant pleaded the general issue, with notice of set-off.

On the trial the plaintiff offered the note in evidence, and rested her case, withdrawing other claims. It was admitted on the trial that the plaintiff's intestate died June 5, 1889; that plaintiff was appointed administratrix of his estate; that commissioners were duly appointed by the probate court of that county to hear and pass upon such claims as might be presented and proved; that proper notice to creditors to file and prove claims was duly published and posted; that defendant made no proof before

---

[1] The note was given to the decedent November 1, 1888, and was due in one year from date.

such commissioners, nor attempted to prove any claim; that the time fixed by the order of the court for hearing such claims before the commissioners expired, and their report was made to the probate court, before the commencement of the present action. It was conceded, also, that no distribution of the estate had been made to the heirs, and that the defendant in no way made any attempt to obtain an extension of time to present his claim or to revive the commission. The defendant thereupon offered to prove the items constituting his set-off to the plaintiff's claim on the note. This was objected to on the ground that the claimed offsets were barred by the statute (How. Stat. § 5901), because he should have presented his claim for allowance to the commissioners. This objection was sustained, and plaintiff had judgment for the amount of her claim. Defendant insists here that the court below was in error in that ruling.

Chapter 224, How. Stat., fixes the manner of adjusting claims against estates of deceased persons. By section 1 of that chapter (How. Stat. § 5888) it is provided that—

"When letters testamentary or of administration shall be granted by the judge of any court of probate, such judge may, in his discretion, or upon the written application of the executor or administrator, appoint two or more suitable persons to be commissioners to receive, examine, and adjust all claims and demands of all persons against the deceased, except in the following cases:

"1. When it shall appear that there are no debts existing against such deceased person.

"2. When the value of the whole estate, exclusive of the furniture and other personal property allowed to the widow, shall not exceed $150, and shall be assigned for the support of the widow and children, as provided by law, in which case such assignment shall be deemed a full and final administration and bar to all claims against the estate."

Section 5889 provides for the meeting of the commissioners, and giving notice thereof.

Section 5901 provides:

" Every person having a claim against a deceased person, proper to be allowed by the commissioners, who shall not, after the publication of notice as required in the second section of this chapter, exhibit his claim to the commissioners within the time limited by the court for that purpose, shall be forever barred from recovering such demand, or from setting off the same in any action whatever."

A preceding section (5894) provided:

"On the application of a creditor who has failed to present his claim, if made at any time before the estate is closed, the judge of probate may revive the commission, and allow further time, not exceeding three months, for the commissioners to examine such claim," etc.

By section 5904, which is part of the same chapter, and stands as section 17 of that chapter, it is also provided:

" Nothing in this chapter shall be construed to prevent an executor or administrator, when he shall think it necessary, from commencing and prosecuting any action against any other person, or from prosecuting any action commenced by the deceased in his life-time, for the recovery of any debt or claim, to final judgment, or from having execution on any judgment."

By section 5905 it is further provided:

" In such case the defendant may set off any claim he may have against the deceased, instead of presenting it to the commissioners, and all mutual claims may be set off in such action; and if final judgment shall be rendered in favor of the defendant, the same shall be certified by the court rendering it to the probate court, and the judgment shall be considered the true balance."

It would seem, at first blush, that sections 5901 and 5905 are contradictory, and cannot be harmonized so that both can stand; but, after examination, it is evident that the intent of the Legislature was to allow the defendant, in an action prosecuted against him by the executor or administrator in certain cases, to set off a claim against the deceased in that action without first having the amount of his set-

off fixed and determined by the commissioners on claims, or by the probate court. In an action commenced by the deceased in his life-time, the executor or administrator may, under section 5904, prosecute the case to final judgment. In such case the defendant, by section 5905, is permitted to set off his claim in the action without first presenting it to the commissioners on claims. But the present case does not disclose such a state of facts. Here it is not claimed that the action was commenced in the life-time of the deceased. The defendant had time to present his claim to the commissioners, and failed to do so. He waited until the action was commenced on the note, without attempting in any manner to have the amount fixed by the tribunal which the statute had created for that very purpose.

It is essential to the interests of creditors and distributees that such estates be closed as quickly and cheaply as possible, and the assets collected. If one having a claim against an estate may remain silent, and refuse to present it to commissioners appointed for the very purpose of hearing and passing upon it, because the decedent held a note against him, and which the administrator may present for payment, it would be difficult to close the estate, in many instances. The commissioners are not appointed to ascertain and determine who are indebted to the estate, or to hear claims which the administrator may have against third parties, but to hear and pass upon claims against the estate, as presented to them. If the defendant had made known his claim to the commissioners, it is true, the administratrix might have presented the note as an offset against it; but the administratrix could not, in the first instance, present the note before the commissioners as a claim against the defendant. The estate is not yet closed, within the meaning of the statute, as there has been no distribution. *Green v. Probate Judge,* 40 Mich. 244; *Brown v. Forsche,* 43 Id. 492. The defend-

ant, under such circumstances, undoubtedly would have the right to petition the probate court for an order, under section 5894, reviving the commission, and allowing time to present his claim to the commissioners, and in such case would be entitled to *pro rate* with other creditors.

We think the court below correctly ruled.

Judgment is affirmed.

Ths other Justices concurred.