FIRST NATIONAL BANK OF PAW PAW *v.* SHERMAN'S ESTATE.

ESTATES OF DECEDENTS—PRESENTATION OF CLAIMS—LIMITATIONS.

    2 How. Stat. § 5901, providing that all claims against estates of deceased persons shall be forever barred unless presented within the time limited for that purpose, applies, although no inventory is filed, previous to the order of hearing, showing property which can be devoted to the payment of debts.

Error to Van Buren; Buck, J. Submitted June 17, 1898. Decided July 12, 1898.

The First National Bank of Paw Paw presented a claim against the estate of Alonzo Sherman, deceased. The claim was disallowed by the probate court, and claimant appealed to the circuit. From a judgment for defendant, claimant brings error. Affirmed.

This case was tried before the court without a jury. The following are the facts: Alonzo Sherman was indebted to claimant upon two promissory notes,—one for $5,000, dated January 22, 1882, payable three months from date; another for $653.20, dated December 27, 1886, due in six months after date. Mr. Sherman died December 22, 1887. December 26, 1890, his widow filed a petition for the appointment of an administrator. January 26, 1891, an administrator was appointed. February 6, 1891, appraisers were appointed, and on the same day an order was made allowing six months for the presentation of claims. Proper notices were given, and on August 10, 1891, an order was entered closing the estate to creditors. December 12, 1892, the widow presented a petition praying for a setting off to her of $200 in cash, and an order therefor was duly allowed. December 13, 1892, an inventory was filed showing the estate to consist

of $200 in cash.   On the same day a petition was filed by
the widow praying for the probate of the will of the de-
ceased, which will was duly admitted to probate, January
9, 1893.   December 26, 1896, Mrs. Sherman died, leaving
a will devising her property in trust for the use and bene-
fit of her son, Joseph.   Some time prior to 1885, when
does not appear, the Connecticut Mutual Life Insurance
Company issued a policy upon the life of Mrs. Sherman,
payable to her husband upon her death.   March 27, 1885,
this policy was surrendered, and a paid-up policy for
$1,966 issued in its stead, payable to Mr. Sherman upon
his wife's death.   This policy was, by the last will of Mrs.
Sherman, bequeathed to trustees in trust for her son.   In
1897 the insurance company paid this money to the ex-
ecutor of the will and administrator of the estate of Mr.
Sherman.   Mr. Sherman bequeathed all his property to
his wife during her natural life, and after her death to his
son, Joseph.   On the 9th day of March, 1897, the probate
court allowed the claimant to present its claim against
Mr. Sherman's estate.   Upon the hearing the claim was
disallowed.   The circuit court affirmed the decision of the
probate court, upon the ground that the claim was barred
by the statute of limitations.

*M. L. Howell*, for appellant.

*Benjamin F. Heckert* and *A. Lynn Free*, for appel-
lee.

Grant, C. J. (*after stating the facts*).   The $5,000
note had been due about five years and eight months when
Mr. Sherman died.   The other note was also a few months
past due.   The death of the debtor suspends the running
of the statute of limitations.   2 How. Stat. § 8722.   It
suspends the statute for two years after granting letters
testamentary or of administration, and not afterwards.
Section 5901, 2 How. Stat., provides that all claims against
estates of deceased persons shall be forever barred unless
presented within the time limited for that purpose.   Claim-

ant for some reason did not see fit to present its claim when it had the opportunity. There is nothing upon which to base a charge of fraud or concealment of the assets of the estate. Why the will was not presented does not appear. Whether the insurance policy was an asset of the estate we need not determine.

No steps were taken for about 10 years by the claimant, nor until the insurance company had paid the money to the executor of Mr. Sherman's estate. This did not determine that the money legally belonged to his estate. It is contended that upon his death the policy became hers. So far as this claimant is concerned, it is immaterial to whom the insurance money belonged. Its claim is barred under the statute.

Counsel for claimant contends that creditors may wait until an inventory is filed showing property which can be devoted to the payment of the debts of the deceased, and that the court has no power to appoint commissioners on claims, or enter an order that claims be heard before the court, until the inventory shows such property. We cannot concur in this view. The presentation of claims is not conditional upon the inventory, nor does the statute require that the inventory precede the hearing of claims. Claimant had an opportunity for its day in court, and failed to improve it. The statute now bars its claim.

Judgment affirmed.

The other Justices concurred.