BENJAMIN *v.* EARLY.

1. ESTATES OF DECEDENTS — LETTERS OF ADMINISTRATION — COLLATERAL ATTACK.

Letters of administration cannot be collaterally attacked by showing that the evidence of death presented to the probate court from which the letters issued was not of a convincing nature.

2. SAME—FAILURE TO PRESENT CLAIM—AVAILABILITY AS SET-OFF.

One who fails to present to commissioners, for allowance, a claim against a decedent's estate, will not be permitted to introduce it in evidence, by way of set-off, in an action on a note given by him to the decedent, even though the probate judge advised him that it could be so used, and therefore need not be presented.

3. SAME—NOTE DUE DECEDENT—INDORSEMENT BY ADMINISTRATOR
    —AGENT FOR COLLECTION.
        One who loans money to an administratrix, receiving from
          her as security a note given to decedent and indorsed by the
          administratrix to his order, which he agrees to collect, and
          account for the proceeds over and above the amount of the
          loan, is an agent for collection, authorized to bring suit on
          the note in his own name.

Error to Mackinac; Adams, J. Submitted January
10, 1900. Decided February 20, 1900.

*Assumpsit* by Robert H. Benjamin against Peter Early
on a promissory note. From a judgment for plaintiff,
defendant brings error. Affirmed.

*James J. Brown*, for appellant.

*James McNamara*, for appellee.

LONG, J. This action was brought upon a promissory
note of which the following is a copy:

"$125.00                    ST. IGNACE, April 1, 1897.
    "April 1st, 1898, I promise to pay to the order of Matt
Elliott one hundred and twenty-five dollars at the First
National Bank, St. Ignace, Mich. Value received. With
interest before and after due at 7 per cent. per annum.
                                "PETER EARLY."

Indorsed on the back was the following:

"Pay to the order of R. H. Benjamin.
                "MRS. M. ELLIOTT, Administratrix."

On the trial in the circuit court the plaintiff offered the
note in evidence, and also the proceedings of the probate
court of Mackinac county showing the appointment of
Mrs. M. Elliott as special administratrix of the estate of
Matt Elliott, deceased. Plaintiff also offered in evidence
the indorsement on the back of the note signed by Mrs.
Elliott as administratrix, and that the indorsement was
made by her as administratrix. This evidence was given
under objection of counsel for defendant. The plaintiff

also testified that he did not own the note, but that he took it as security for $75 he loaned the administratrix to carry on the administration of the estate, and that he agreed to collect the note for her, and bring suit thereon, if necessary, and from the proceeds deduct the amount coming to him, giving her the balance.

On the part of the defendant it was claimed, and some proof offered to show, that the last seen of Matt Elliott, whose estate was being administered, was in April, 1897, when he was crossing the ice from Cheboygan to Mackinac Island. It was also shown by defendant that a note similar to the one in suit was given by defendant to Matt Elliott before his disappearance as aforesaid, and that the note in suit was made the same as the old note, which disappeared with Elliott; that this note was given in place of the old one, to Mrs. Elliott, in October, 1897; and that she was to hold this note as an acknowledgment of the lost note. Defendant then offered to show by the judge of probate that the only evidence of the death of Matt Elliott presented in the probate court, upon which the letters of administration given to Mrs. Elliott were issued, was that Mr. Elliott was seen on the ice, crossing from Cheboygan to Mackinac Island, in April, 1897. The court refused to receive this evidence, on the ground that the decree of the probate court could not be attacked collaterally. The defendant then offered in evidence, by way of set-off, a claim, in writing, of several items, amounting to $109.60, due from Matt Elliott to Doud Bros. for merchandise, and which claim had been duly assigned to defendant in writing, dated April 9, 1898. He showed that he had agreed to take the claim in March, 1897, though he had not paid for it until April, 1898. The court below refused to receive this evidence, on the ground that the claim should have been presented to the judge of probate, who was shown to have acted as commissioner on claims in the Matt Elliott estate, for allowance. The defendant also offered to show that, before the allowance of claims was closed, he had a conversation with the judge of

probate in reference to this claim, and that the judge said it was not necessary to file the claim for allowance before him, as it could be used as a set-off against this note. The court refused to receive this evidence, and thereupon directed the jury that if they found that the plaintiff held the note merely as security for the $75 loaned to the administratrix, and an agreement was made by which the plaintiff was to collect the note, and account to her for the proceeds of the collection, the verdict must be for plaintiff.

The assignments of error cover the whole case as presented, and as above set forth. We think the court was not in error in any of these rulings. The plaintiff was the agent of the administratrix, and could sue on the note in his own name. *Moore* v. *Hall*, 48 Mich. 143 (11 N. W. 844). The defendant could not set his claim off against the note. The judge of probate had acted as commissioner on claims, and the claim was not presented to him for allowance. *Boltwood* v. *Miller*, 112 Mich. 664 (71 N. W. 506), and 3 Comp. Laws 1897, § 9380.

The judgment must be affirmed.

The other Justices concurred.