## MORSE v. HAYES.

LIMITATION OF ACTIONS—STATUTE—SUSPENSION—DEATH OF PARTY.
Section 9737, 3 Comp. Laws, limiting the time within which causes of action may be enforced by or against the representatives of deceased persons, applies only to those causes of action as to which the period prescribed by the general statutes of limitations expires during the period ensuing between 30 days before death and two years after the granting of letters of administration, and is not effective to extend the time for bringing suit upon a cause of action as to which the period of limitations still has more than two years to run after the grant of letters. *Stringer* v. *Stephens' Estate,* 146 Mich. 181, overruled.

Error to Ionia; Sessions, J., presiding. Submitted June 6, 1907. (Docket No. 33.) Decided January 6, 1908.

Debt by Allen B. Morse and Herbert B. Webber, receivers of the firm of Webber Brothers, against Nathan B. Hayes for the amount of a judgment. There was

judgment for plaintiffs on a verdict directed by the court, and defendant brings error. Reversed, and no new trial ordered.

*Morse & Locke*, for appellant.

*R. A. & W. E. Hawley*, for appellees.

CARPENTER, J. This suit is brought to recover upon a judgment rendered in the circuit court for the county of Ionia on the 16th of September, 1895, against said defendant, and in favor of George W. Webber and Andrew J. Webber, a copartnership doing business as Webber Bros. George W. Webber died January 15, 1900. From this time the surviving partner, Andrew J. Webber, had possession of the partnership assets until his death, which occurred October 17, 1902. November 28, 1902, Mary C. Webber was appointed executrix of the last will and testament of the said Andrew J. Webber, and at once qualified as such, and has continued in that office until the present time. In May, 1903, the executrix of George W. Webber filed a bill for an accounting in the circuit court for the county of Ionia, in chancery, against the executrix of said Andrew J. Webber. During the progress of said cause plaintiffs were appointed receivers of the partnership effects. They commenced this suit on the 24th of September, 1906. The question is whether the action is barred by the statute of limitations. The circuit court decided that it was not, and rendered a judgment in favor of plaintiffs. Is that decision correct? The action is clearly and confessedly barred by the statute, unless it is preserved by section 9737, 3 Comp. Laws. That section reads:

"If any person entitled to bring any of the actions before mentioned in this chapter, or liable to any such actions [the action in question is one of the before-mentioned actions described in the chapter], shall die before the expiration of the time herein limited or within thirty days after the expiration of the said time, and if the cause

of action does by law survive, the action may be commenced by or against the executor or administrator of the deceased person or the claim may be proved as a debt against the estate of the deceased person, as the case may be, at any time within two years after granting letters testamentary or of administration, and not afterwards, if barred by the provisions of this chapter."

By the provisions of that chapter (see section 9751, 3 Comp. Laws) this action might be brought "within ten years after the entry of the judgment, and not afterwards;" that is, it would be barred on the 16th of September, 1905. It follows, therefore, that November 28, 1902, when letters testamentary were granted to the executrix of Andrew J. Webber there remained a period of 2 years, 9 months, and 18 days in which this action might be brought. The action was barred because not brought within this time, unless that time was extended by section 9737. Does section 9737 extend this time? It was contended by the appellee and decided by the learned circuit judge that it does. Their contention is based upon the case of *Stringer* v. *Stephens' Estate*, 146 Mich. 181, recently decided by this court. That case does support their contention. This court there decided that "from the time of her (the creditor's) death the running of the statute was suspended until two years from the appointment of her administrator." The opinion in that case proceeds upon the ground — not that the question of the proper construction of the section is an open one—but that it has already been authoritatively determined by this court. That decision is, therefore, based, not upon argument, but upon authority. The authority relied upon is *Field* v. *Loveridge*, 114 Mich. 220. In *Field* v. *Loveridge*, supra, the court said:

"The statute of limitations would be suspended at her (the creditor's) death. The statute would not commence to run again until two years after letters of administration were granted."

In that case the letters of administration were granted Au-

gust 11, 1893, and suit was commenced November 20, 1894. Under what we shall endeavor to show was a proper construction of the statute suits might be commenced at any time within said two years after the letters are granted. There was no occasion, therefore, for the court to say the statute was suspended during these two years and that statement was, therefore, a mere dictum. In *First Nat. Bank of Paw Paw* v. *Sherman's Estate*, 117 Mich. 602, the opinion states:

" The death of the debtor suspends the running of the statute of limitations. It suspends the statute for two years after granting letters testamentary or of administration, and not afterwards."

The decision in that case did not, however, accord with this statement. One of the claims in suit was dated December 27, 1886, and was due six months after date, or June 27, 1887. The debtor died December 22, 1887. Letters of administration were granted January 26, 1891. It will be observed that the statute of limitations had run less than six months at the time the debtor died. If it is true that the operation of the statute was suspended from the creditor's death until two years after the grant of said letters, this claim would not have been barred until July 31, 1893; but this court in that case held that it was barred on or before March 9, 1897 — the date of its presentation against the estate.

We feel compelled to say that the statute is not open to the construction contended for by appellee, and that the decision of *Stringer* v. *Stephens' Estate* must be overruled. The language of the statute is not ambiguous. It contains no language to indicate that the operation of the statute of limitations is suspended from the time of death until two years after the grant of letters of administration. It gives a period of two years—and of two years only—after the grant of letters testamentary or of administration in which to enforce certain causes of action. What are the causes of action which may be enforced " at any time within [said] two years?" Mani-

festly they are the causes of action which would otherwise become barred in the period ensuing between the 30 days before death and the two years after the granting of letters of administration.   This was the construction placed by the supreme court of Wisconsin (see *Curran* v. *Witter*, 68 Wis. 16, and *Palmer* v. *O'Rourke*, 130 Wis. 507) upon a section differing in no material respect from that under consideration, except this, viz., it did not contain the words "and not afterwards, if barred by the provisions of this chapter."   We think that construction correct.   Otherwise, we would impute to the legislature the intent to include among the causes of action which might be enforced in said two years either or both of the following classes:   (*a*) Causes of action which were barred more than 30 days before death; and (*b*) causes of action which were not barred until more than two years after the granting of letters testamentary or of administration.   It is clear and every one will concede that causes of action embraced in class "*a*"—those that become barred by the statute of limitations more than 30 days before death—are not included in the section.   It is equally clear that causes of action embraced in class "*b*" —those that have more than two years to run after the grant of letters testamentary or of administration—are not included.   For, if they are, we must declare that the legislature, in attempting to enlarge the time for the enforcement of causes of action that had just expired or were about to expire, intended to shorten the time for the enforcement of other causes of action.   It is clear that it had no such intent.

Does the section have a different meaning because the legislature, after stating that the cause of action mentioned in the section might be enforced "at any time within two years," added the following significant words, "and not afterwards, if barred by the provisions of this chapter?"   Manifestly not.   Those added words, instead of detracting from, strengthen the foregoing reasoning. They are equivalent to an express legislative declaration

that the causes of action which may and must be enforced within said two years are only those which would otherwise become "barred"—barred before the lapse of said two years —"by the provisions of this chapter." They remove all possibility of inferring — and as already stated I do not think that in their absence we could have so inferred—that the section covers causes of action which do not become barred in the time therein mentioned.

We conclude, therefore, that causes of action which do not become barred within the time mentioned in the section—and that includes causes of action like that in controversy, which are not barred within two years after the granting of letters testamentary or of administration — are in no way affected by the section.

This construction gives proper effect to the language of the legislature. It accords with justice and good sense. Those having causes of action which are not affected by the section, viz., causes of action which are not barred within two years after the grant of letters testamentary or of administration — already have more than two years in which to enforce them. Those having causes of action which are affected by the section, viz., causes of action which are barred within two years after the grant of letters testamentary or of administration — are given two years for their enforcement. The section thus insures a period of two years after the grant of letters testamentary or of administration for the enforcement of all causes of action which survive death. (Included among these causes of action are, as heretofore stated, those which, except for the section, became barred 30 days before death.) This would seem to accomplish the legislative purpose of granting a reasonable time for the enforcement of all such causes of action which survive death. According to the construction contended for by appellee, if a judgment creditor or debtor should die within the first year after a judgment was rendered, the statute of limitations would not bar action thereon until 11 years after the grant of letters testamentary or of administra-

tion; while if there had been no death, or if the judgment had been rendered after death, action would have been barred in 10 years. Other instances leading to consequences quite as absurd will readily suggest themselves.

We conclude that section 9737 has no application to the action in controversy, and that the circuit court erred in refusing to direct a verdict for defendant.

The judgment should be reversed, and no new trial granted.

GRANT, C. J., and BLAIR, MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred. McALVAY, J., concurred in the result.