*In re* HODGES' ESTATE.

APPEAL OF ARDIEL.

1. ESTATES OF DECEDENTS—ALLOWANCE OF CLAIMS—ACCOUNT OF EXECUTORS AND ADMINISTRATORS.

   Claims due the administratrix of an estate which she did not present to the commissioners appointed under 3 Comp. Laws, § 9380, are barred by the statute and are not properly allowed as a part of the final account, no exceptions being named in the statute.

2. EXECUTORS AND ADMINISTRATORS—COSTS.

   On an indirect attempt to defeat an allowed claim costs were awarded against the administratrix personally.

Error to Kent; Perkins, J. Submitted April 9, 1909. (Docket No. 25.) Decided June 7, 1909.

Minnie L. Hodges presented her final account as administratrix of the estate of Alonzo N. Hodges, deceased. The account was allowed in the probate court, and James A. Ardiel appealed to the circuit court. A judgment affirming the order of the probate court is reviewed by contestant on writ of error. Reversed.

*Gleason & Lee*, for appellant.

*Carroll & Nichols*, for appellee.

BLAIR, C. J. The following findings of fact and of law made by the circuit court on the hearing of the appeal from the order of the probate judge will sufficiently disclose the nature of the case.

"FINDINGS OF FACT:

"(1) Deceased in his lifetime was treasurer and general manager of the Valley City Desk Company, a corporation engaged in manufacturing furniture. He held one share

of stock in the company to enable him to be an officer and vote. His wife owned most of the stock that had been issued by the company. She transferred the one share to him without consideration.

" (2) He died at Hot Springs, March 14, 1905, where he had been attending the races.

" (3) At his death he owned oil stock worth $500, copper stock worth $300, and five racing colts.

" (4) He bought these colts December 2, 1904, and gave two notes 'signed by the Valley City Desk Co. by said Hodges as Treasurer in payment therefor.' That the desk company was not organized to deal in colts, and Mr. Hodges as treasurer had no authority to give the notes.

" (5) Mrs. Hodges was appointed administratrix April 14, 1905, and qualified.

" (6) That the Valley City Desk Co. paid said Young notes at their maturity and held the racing colts above mentioned as security therefor. That, as Mrs. Hodges owned most of the stock of the company, she put the amount paid into her final account as a claim against the estate. That the $254.13 indorsed on one note was paid in furniture by the company.

" (7) That after his death Mrs. Hodges 'found a number of accumulated bills against said colts for feed, care, and other matters; also hotel, doctor, and necessary bills.' That she was obliged to pay all of those bills before she was permitted to remove said colts or her husband's body.

" (8) That the probate court heard claims against the estate acting as a commissioner, and on November 23, 1905, allowed two claims, McKnight & McAllister $25, Dr. James A. Ardiel $97.50. No other claims were then presented or allowed.

" (9) Mrs. Hodges filed her final account December 7, 1905, in which she charged herself with having received $2,000 and with having paid out $2,859.37.

" (10) That her account was allowed January 9, 1906, and Dr. Ardiel appealed therefrom to this court.

## "FINDINGS OF LAW:

" (1) Deceased bought the colts in his own interest, and not for the company. He had no authority ' to give the obligation of the desk company in payment for said colts,' but used the credit of the company in his own interest, and the colts purchased belonged to his estate.

" (2) The payment by the administratrix of the Hot

Springs bills was justified, and she thereby became equitable assignee thereof.

"(3) The payment of the notes by the desk company and charging the total amount against the estate was proper, and the administratrix thereby became equitable assignee thereof.

"(4) Failure of the administratrix to present her claims to the court acting as commissioner on claims does not prevent putting them in her final account and having them allowed. That the bills allowed in the final account would have been allowed if presented to the commissioner. Hence no one is injured by having them allowed in the final account. Hence the account as allowed is affirmed."

Appellant brings the record to this court for review.

The important, and, as we think, the decisive, question in the case, is as to the correctness of the fourth conclusion of law. The administratrix herself filed the petition for hearing claims by the court, and but two claims were filed; one of them being the claim of appellant. The administratrix contested appellant's claim, proofs were taken and a hearing had, resulting in the allowance of the claim, and the usual order was entered November 23, 1905, closing the estate against claims.

"It further appearing that the administrator of said estate has sufficient assets of said estate in his possession to pay all of the debts thereof as above ascertained and allowed, it is further ordered that said administrator pay said debts within two months from the date of this order, and it is further ordered that said hearing of claims be and is hereby closed."

The administratrix took no appeal from the allowance of appellant's claim. She paid the other claim without contest. Mrs. Hodges had an opportunity to present her claims in the regular way, and have them allowed. The statute expressly provides that persons failing to present their claims "shall be forever barred from recovering such demand or from setting off the same in any action whatever." 3 Comp. Laws, § 9380. Section 9373, as amended by Act No. 70, Pub. Acts 1901, authorizes a revival of the commission on claims and further time for the

presentation of claims on application made before the estate is closed. These provisions of the statute make no exception of the claims of administrators, and are inconsistent with the fourth finding of law. *Clark* v. *Davis*, 32 Mich. 156; *First Nat. Bank of Paw Paw* v. *Sherman's Estate*, 117 Mich. 602 (76 N. W. 97); *Benjamin* v. *Early*, 123 Mich. 96 (81 N. W. 973); *Draper* v. *Brown*, 153 Mich. 120 (117 N. W. 213).

Mrs. Hodges testified:

" I was present at the hearing in probate court on Dr. Ardiel's account, and knew the court allowed it. I never paid anything on it. I never intend to. I knew when I filed my final account nothing had been paid him."

It is apparent from this testimony that defendant adopted the course pursued by her for the purpose of defeating a claim which she was unable to defeat by a direct contest, and we are unable to see why she should be entitled to any equitable consideration. The order of the court found that she had the assets to pay this claim, as she undoubtedly did at that time, the time for payment has expired, and she cannot for her benefit as a claimant deprive herself as administratrix of the assets to pay this claim by the use of her final account.

The judgment is reversed and the record remanded to the probate court for further proceedings in accordance with this opinion. The appellant will recover costs of the circuit court and of this court against the contestant personally.

MONTGOMERY, OSTRANDER, MOORE, and McALVAY, JJ., concurred.