### THURBER v. ALDRICH.

1. APPEAL AND ERROR—TRIAL BY COURT—FINDINGS OF FACT AND LAW—PRESUMPTIONS.

   Findings made by the court upon a trial without a jury are presumed to have been made by request, if no showing to the contrary appears.

2. CONTRACTS—OPTION—ACCEPTANCE.

   A contract whereby the owners of a patent agreed to convey the same to one who afterwards died, in consideration of the payment of a sum named, and of the issuance to them of stock in a corporation to be thereafter formed, was not binding upon the estate of decedent who did not appear to have executed the contract or to have accepted it.

3. ESTATES OF DECEDENTS—STATUTES—PRESENTATION OF CLAIMS.

   A claim for a sum of money due from a decedent upon a contract to purchase a patent should be presented to the commissioners on claims and is barred by 3 Comp. Laws, § 9380, in an action by the administrator against defendant and claimant who seeks to set off the amount claimed to be due.

4. APPEAL AND ERROR—FINDINGS—SUFFICIENCY.

   Findings of the trial court of a general and informal character,

in an action upon a promissory note which the court determined by its findings was proved and was a valid and existing obligation, sufficiently support the judgment.

5. SAME—AMENDMENTS—TIME TO PRESENT.
   Proposed amendments to the findings of the court were properly refused because not presented within ten days as required by Circuit Court Rule 26.

Error to Wayne; Mandell, J. Submitted November 14, 1911. (Docket No. 99.) Decided December 8, 1911.

Assumpsit in justice's court by Jefferson M. Thurber, as administrator of the estate of Henry T. Thurber, deceased, upon a promissory note. From a judgment for defendant plaintiff appealed to the circuit court where the issue was tried by the court without a jury. Judgment for plaintiff. Defendant brings error. Affirmed.

*Andrew C. Paterson*, for appellant.

*Jefferson G. Thurber*, for appellee.

STONE, J. This action was commenced in justice's court in the city of Detroit. The plaintiff declared in an action of assumpsit on all the common counts and specially on a promissory note, and claimed damages of $500, or under. The promissory note was as follows:

"$100.00.                    DETROIT, MICH., Sept. 10, 1903.
   " Three months after date I promise to pay to Henry T. Thurber or order one hundred dollars at his office. Value received with int. at 6%.
                              "FRANK ALDRICH,
                              " 1227 Warren W."

The defendant pleaded the general issue, with notice of set-off and recoupment, and filed a bill of particulars of his claim, as follows:

" Balance due on an agreement or contract for sale of patent on car lock, which agreement was fully performed on the part of defendant, and accepted by deceased. $900.00."

167 MICH.—42.

There was evidence of the death of Henry T. Thurber, and that the plaintiff was appointed administrator of the estate of the deceased on May 11, 1904.

The record is silent as to whether or not defendant's counsel made a written demand for special findings of fact and law, as provided by Circuit Court Rule 26. But as a finding by the circuit judge appears in the record, it will be presumed, in the absence of any showing to the contrary, that it was made upon request. See *Delashman* v. *Berry*, 20 Mich. 292 (4 Am. Rep. 392).

The following is the finding:

"There seems to be no doubt that leaving out the question of the claim of set-off, which is urged as a defense to the action in this case, that plaintiff is entitled to recover the full amount of the note and interest, so there remains nothing but the consideration of the set-off and recoupment that is urged as a defense, and which will have to be determined by the court, as matter of law, whether or not that is a proper defense to the action or not. Considering all the evidence that is offered, we are left in serious doubt as to what the exact transaction between Frank Aldrich and Henry T. Thurber was. There has been offered in this case, in evidence, Exhibit E, an agreement between Frank Aldrich and Sarah E., his wife, on the one part, and Henry T. Thurber, acting as trustee for certain unnamed persons on the other part. The evidence in this case does not disclose who the real parties in interest were. The defendant in this case urges by inference simply that the real parties in interest were Frank Aldrich on the one part and Henry T. Thurber on the other. It cannot be permitted to do that in the absence of testimony of Henry T. Thurber, whose lips are sealed by death, because by reason of his death Mr. Aldrich himself is not permitted to testify, and we are left, therefore, to determine who the real parties in interest are, by the document itself, and the document itself shows that Mr. Aldrich and his wife on the one part and Mr. Thurber was acting for certain persons who were desirous of forming a corporation. The paper shows that Henry T. Thurber was acting as trustee for certain parties in interest with him. The other proofs offered here indicate that quite a sum of money was advanced for the purpose evidently, and obviously of forming this corporation by Mr. Thurber and Mr. Aldrich,

for traveling and for other expenses. If they were not advanced in this manner it is not shown by the proofs here why they were advanced. If there is any inference to be drawn from the proofs, the only proper inference is that they were drawn for the purpose of taking care of the formation of a stock company, and exploiting the patent owned by Mr. Aldrich and his wife. If we say that is not established by the proofs—if we are not permitted to draw that inference from the proofs—to draw any other inference would be simply speculation and guesswork. There is no evidence here that would justify in a court of law the inference that Mr. Thurber was at any time indebted to Mr. Aldrich. Mr. Henry T. Thurber, because the very fact of the existence of this note, the very fact that it had not been canceled or destroyed, and the very fact that its execution is not denied under oath by the defendant, or anybody who could deny it, is evidence that there was a valid and existing indebtedness on the part of Mr. Aldrich to Mr. Thurber, individually. What their business relations were and what Mr. Thurber on behalf of others in a business way with Mr. Aldrich and the purpose of advancing the money to Mr. Aldrich for his benefit as well as Mr. Thurber and his associate's benefit, we do not know. These matters are all left in the dark. This case is not free from legal difficulty, nevertheless, in this matter, it being a suit at law and not in equity, we are bound strictly by principles of law. The note having been proved and there being no defense offered by legal proof, although there is a good deal that would be the basis, perhaps, of speculation and guesswork, I think in a court of law nothing remains but to enter a verdict or a judgment for the plaintiff for the full amount of the note, and that amount is $140. I find the defendant is not entitled to his set-off, and a judgment will be entered in favor of the plaintiff against the defendant for $140."

A judgment was thereupon entered for the plaintiff in said amount.

" Exhibit E—Agreement.

" Whereas, Frank Aldrich and Sarah E. Aldrich, his wife, of Detroit, are the owners of a certain patent indicator lock for which they hold letters patent for the United States numbered 585,016, and whereas the said Frank Ald-

rich is the sole owner of letters patent for the Dominion of Canada numbered ———;

" And whereas, the said parties, hereinafter called parties of the first part, are desirous of forming a stock company in conjunction with other parties for the utilization of the said patented invention and for its introduction and sale to the public;

" And whereas, he has consulted on different occasions with Henry T. Thurber with reference to the organization of such corporation and the flotation of its stock:

" Now, therefore, in consideration of the premises and of the sum of one ($1.00) dollar in hand paid, the receipt whereof is hereby confessed, the said parties of the first part do hereby agree in consideration of the payment to them of the sum of one thousand ($1,000.00) dollars and also the delivery to them of ten per cent. of the capital stock of said corporation—said stock to be fully paid and nonassessable—to convey, assign, transfer and set over by proper instruments the said letters patent and any improvement or improvements heretofore or hereinafter made upon said invention unto the said Henry T. Thurber, as trustee for certain parties in interest with him; and to hold any such improvement or improvements in secret and in confidence; so that on the formation of the said corporation it can make application in any and all foreign countries for letters patent upon the said invention or any improvement or improvements upon the same.

"In witness whereof, the said parties of the first part have hereunto set their hands and seals this 10th day of January, A. D. 1903.

"FRANK ALDRICH.        [L. S.]
"SARAH E. ALDRICH.        [L. S.]

"Exceptions to Findings.

"And now comes the defendant and excepts to the findings of the court, that is to say:

"(1) The defendant excepts and assigns error thereon, that the court did not find an acceptance by Henry T. Thurber of the option contained in the contract Exhibit E.

"(2) That defendant excepts and assigns error thereon, that the court failed to find that there was payable to said defendant from said Henry T. Thurber the sum payable to said defendant as expressed in said contract Exhibit E.

" That defendant excepts and assigns error thereon,

that said court failed to find that there was money, payable by said Henry T. Thurber to said defendant, sufficient in amount to pay said promissory note in full.

"That said defendant excepts and assigns error thereon, that said court failed to find that from the evidence the presumption was that said note was paid.

"(5) That defendant excepts and assigns error thereon, to the findings of the court, that the contract Exhibit E and the money payable thereon was not a personal obligation of Henry T. Thurber.

"(6) That the defendant excepts and assigns error thereon, to the findings of the court, that the plaintiff was entitled to a judgment against the defendant.

"(7) That defendant excepts and assigns error thereon, to the entry of judgment in favor of plaintiff and against defendant.

"(8) That defendant excepts and assigns error thereon, that the findings of fact and law are so uncertain and indefinite and are not separated as to distinguish one from the other.

"(9) That defendant excepts and assigns error thereon, that the court refused to make amended findings as requested by defendant."

The notice under the general issue was that of set-off and recoupment.

We are of opinion that the first five exceptions and assignments of error are not well taken, for the reason that an examination of the record fails to disclose any competent evidence of any acceptance of the agreement Exhibit E by Mr. Thurber, and, until accepted, it was not binding on him.

It is also urged by plaintiff that the alleged agreement was void for want of mutuality, applying the doctrine of *Wilkinson* v. *Heavenrich*, 58 Mich. 574 (26 N. W. 139, 55 Am. Rep. 708), and *Furniture Co.* v. *Norris*, 129 Mich. 11 (87 N. W. 1041). We are satisfied that until accepted by Mr. Thurber it was not binding upon him. 9 Cyc. p. 327 *et seq.; Cooper* v. *Wheel Co.*, 94 Mich. 272 (54 N. W. 39, 34 Am. St. Rep. 341); *McColl* v. *Iron Co.*, 98 Mich. 482 (57 N. W. 578).

We are also of opinion that defendant's claim should

have been presented to the commissioners on claims in the estate of plaintiff's decedent, and that it is barred by the statute. Section 9380, 3 Comp. Laws; *Quinn* v. *Mc-Govern*, 97 Mich. 114 (56 N. W. 226); *First Nat. Bank* v. *Sherman Estate*, 117 Mich. 602 (76 N. W. 97); *Benjamin* v. *Early*, 123 Mich. 93 (81 N. W. 973); *Draper* v. *Brown*, 153 Mich. 120 (117 N. W. 213).

We gather from the sixth, seventh, and eighth exceptions and assignments of error that the defendant claims that the finding was not sufficient to support a judgment against the defendant upon the note.

It is true that the findings are very general and informal, but we are of opinion that they are sufficient to support the judgment. The first sentence of the finding holds that the plaintiff is entitled to recover the full amount of the note and interest. The note had been offered in evidence and was received. Again, the circuit judge finds that:

" The very fact of the existence of this note, the very fact that it had not been canceled or destroyed, and the very fact that its execution is not denied under oath by the defendant, or anybody who could deny it, is evidence that there was a valid and existing indebtedness on the part of Mr. Aldrich to Mr. Thurber, individually."

The closing paragraphs of the finding begin with the words: " The note having been proved, and there being no defense offered by legal proof," etc. These references, with the conclusion as stated, are, we think, a sufficient finding and conclusion to support the judgment.

The last exception and assignment are to the effect that the court refused to make amended findings. The circuit court rule already referred to provides that if either party considers the findings not sufficiently full or definite on facts or law, or both, he shall within 10 days after the judgment (or such other time as may be granted by the court) propose such amendments to the findings as he may see fit, etc. The record shows that the circuit judge declined to sign the proposed amended findings, one reason

being that they were not seasonably presented. The findings and judgment appear to be of date May 24, 1910. Appellee's counsel state that the proposed amended findings were presented to the court August 10, 1910. The calendar entries do not appear in the record, but the correctness of this statement is not challenged. The circuit judge did not err in refusing to sign the proposed amended findings.

We find no reversible error in the record, and the judgment of the circuit court is affirmed.

OSTRANDER, C. J., and STEERE, McALVAY, and BLAIR, JJ., concurred.