*In re* SELLMAN'S ESTATE.

STEUARD *v.* SELLMAN'S ESTATE.

1. LIMITATION OF ACTIONS—ESTATES OF DECEDENTS.

Under 3 Comp. Laws, § 9737 (5 How. Stat. [2d Ed.] § 14144), allowing two years after appointment of an administrator or executor in which to present claims against decedent's estate if barred by the statute of limitations during that period or 30 days before the death of deceased, a claim presented upwards of two years and four months after an administrator was appointed, hav-

ing run six years and six months before it was presented, should have been disallowed on the ground that it was not presented during the two-year period.

2. SAME—TRUSTS—IMPLIED TRUSTS.

While the statute of limitations does not affect express trusts, it bars an action on an implied trust arising from the fact that decedent took charge of claimant's funds at a time when claimant was taken ill and went to a hospital.

Error to Kalamazoo; Smith, J., presiding. Submitted June 17, 1912. (Docket No. 113.) Decided May 29, 1913.

Claim by Horace A. Steuard as administrator of the estate of Emily Coe, deceased, against the estate of Betsey Sellman, decedent, for money had and received. From the allowance of part of the claim, claimant appealed and obtained judgment in circuit court. Defendant estate brings error. Reversed; new trial refused.

*E. M. Irish,* for appellant.

*W. S. Powers,* for appellee.

BIRD, J. Emily Coe and Betsey Sellman were sisters, and in the year 1903 were living together at Galesburg. On March 5, 1904, Emily, being ill, was taken to the hospital, where she died a year later, on the 7th day of March, 1905. It appears that, after she was taken to the hospital, Betsey took charge of certain moneys, about $400, which Emily had left in her bureau drawer, and deposited it in the bank in her own name. It was claimed that she had possession of other moneys belonging to Emily and that it all aggregated the sum of $1,200. While matters stood in this way, and on the 28th day of April, 1907, Betsey died, and afterward and on the 28th day of April, 1908, one Albert Mack was appointed administrator, with the will annexed, of her estate. On the 27th day

of October, 1909, Horace Steuard was appointed administrator of Emily's estate. Emily died intestate and Betsey testate, leaving two sets of beneficiaries, which accounts for this litigation. They not being able to agree among themselves, Horace Steuard, administrator of Emily's estate, filed a claim with the commissioners of Betsey's estate in the sum of $1,200, and it was allowed by them at the sum of $515.83. An appeal from the decision of the commissioners to the circuit court resulted in the allowance of the claim at the sum of $1,577.50. From this judgment the administrator of Betsey's estate has taken an appeal to this court, and the complaint made is:

(1) That the claim is barred by the statute of limitations.

(2) That the judgment was established by incompetent testimony.

1. Was the claim barred by the statute? It appears from the testimony that these two sisters were the only surviving members of their family, and that they lived together in the old homestead on good terms. After Emily was taken to the hospital, Betsey took charge of her effects, and one witness testified that she placed the $400 in the bank in her own name, although none of the bank books was produced to substantiate it. It was shown by the admissions of Betsey that she had other moneys belonging to Emily. The date of taking charge of the $400 was within a week after Emily was taken to the hospital. This would fix the date then as March 12, 1904, when the statute began to run. The claim was not presented to the commissioners of Betsey's estate until the 12th day of September, 1910. It is therefore obvious that the claim was barred six months before it was presented for allowance, unless it was saved by section 9737, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14144). That section provides that:

"If any person entitled to bring any of the actions before mentioned in this chapter, or liable to any such actions, shall die before the expiration of the time herein limited, or within thirty days after the expiration of the said time, and if the cause of action does by law survive, the action may be commenced by or against the executor or administrator of the deceased person or the claim may be proved as a debt against the estate of the deceased person, as the case may be, at any time within two years after granting letters testamentary or of administration, and not afterwards, if barred by the provisions of this chapter."

This statute was construed in *Morse* v. *Hayes*, 150 Mich. 597 (114 N. W. 397, 13 L. R. A. [N. S.] 1200, 121 Am. St. Rep.. 643), and it was there held that the statute applied only to claims which would expire by limitation within the two years following the granting of letters of administration, and those which would become barred within the 30 days before death. Administration was granted upon Betsey's estate April 28, 1908. Two years added to this date would extend the time to April 28th, 1910. As the claim would become barred on March 12, 1910, it would expire within the two years allowed by the statute, and therefore the statute would apply to the claim and extend the time in which it might be presented to April 28, 1910. It was not, however, presented until September, 1910, nearly five months after the extended time had expired. We therefore conclude that the claim was one which came within the saving grace of section 9737, but was lost because of the failure to present it within the time allowed by that section.

It is further contended by claimant that the amount due from Betsey's estate was a trust fund, and, as the statute of limitations has no application to trust funds, the claim is not affected by the statute. This position would probably be the correct one if it were an express trust *(Frank* v. *Morley's Estate*, 106 Mich.

635 [64 N. W. 577]) ; but it is not an express trust. If it can be said to be a trust, it is an implied trust, and as against such trusts the statute of limitations operates. 25 Cyc. p. 1155; *German American Seminary* v. *Kiefer*, 43 Mich. 105 (4 N. W. 636). We are of the opinion that the claim was barred by the statute when presented for allowance, and that it should have been disallowed by the commissioners. In view of this conclusion, it will be unnecessary to consider the other question presented.

The judgment of the trial court will be reversed, and no new trial granted.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred.