VAN HAAREN v. TIERNEY.

ESTATES OF DECEDENTS—CLAIMS—EXECUTORS AND ADMINISTRATORS—TIME TO PRESENT CLAIMS—EQUITY.

No remedy in equity exists in favor of an infant claimant who failed to present her claim against an estate of a decedent before the time for presenting claims had expired under section 9380, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 11091), in the absence of mistake, ignorance, or fraud.

Appeal from Bay; Collins, J. Submitted January 15, 1914. (Docket No. 94.) Decided April 7, 1914.

Bill by Catherine Van Haaren against Teresa Tierney for a lien upon lands of John Coryeon, decedent. From an order sustaining a demurrer to complainant's bill, she appeals. Affirmed.

*W. A. Collins,* for appellant.

*Gillett & Clark,* for appellee.

KUHN, J. The bill of complaint filed in this cause alleges, in substance, that complainant, who was born

on April 17, 1887, was taken from the St. Vincent's Orphan Home in Saginaw, at the age of 7, and placed in the home of John Coryeon, where she remained until she was 17 years old, when, it is alleged, she was forced to leave and compelled to shift for herself; that while at this home it was represented to her that she was a legally adopted child, but that she has been unable to find that any proceedings for adoption have been taken; that she was illtreated and compelled to labor beyond her strength and years. John Coryeon died March 23, 1906, and by his will bequeathed his estate, real and personal, to his wife, Christine Coryeon, who died before this bill was filed, and to his daughter, Teresa Tierney. Commissioners on claims were appointed in the estate, but no claim was presented by or on behalf of the complainant. The administrator of the estate was discharged May 15, 1908. The complainant asks to have $1,000 allowed to her for services rendered, and prays that the court decree a lien for the same upon certain lands received from the estate of John Coryeon by Teresa Tierney.

The demurrer filed by the defendant alleges:

(1) That there is no equity on the face of the bill; (2) that the bill of complaint fails to state a cause of action within the jurisdiction of the court; (3) that under the facts stated in the bill defendant is subject to no liability for the indebtedness, if any, of John Coryeon, deceased; (4) that complainant's claim, if any, is barred because of her failure to seek her remedy in the probate court; (5) that complainant is guilty of such laches as to bar relief in equity; (6) that no agreement for compensation is alleged; and (7) that there is nonjoinder, in the failure to join the heirs or representatives of Christine Coryeon, deceased.

Section 9380, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 11091), provides:

"(9380) Sec. 14. Every person having a claim
180 MICH.—13.

against a deceased person, proper to be allowed by the commissioners, who shall not, after the publication of notice as required in the second section of this chapter, exhibit his claim to the commissioners within the time limited by the court for that purpose, shall be forever barred from recovering such demand, or from setting off the same in any action whatever."

This statute has been construed by this court and its terms enforced. See *Winegar* v. *Newland,* 44 Mich. 367 (6 N. W. 841); *First Nat. Bank* v. *Sherman's Estate,* 117 Mich. 602 (76 N. W. 97); *Benjamin* v. *Early,* 123 Mich. 93 (81 N. W. 973); *Draper* v. *Brown,* 153 Mich. 120, 135 (117 N. W. 213); *Thurber* v. *Aldrich,* 167 Mich. 656 (133 N. W. 620).

The bill of complaint contains no allegations of fraud, ignorance, or mistake.

Did the minority of the complainant change the legal situation and excuse failure to proceed as required by the statute? Section 9380 being "a statute of nonclaim," a different rule has been applied by the authorities than in case of "a statute of limitations." The general rule is laid down in 18 Cyc. p. 467:

"The limitation of time within which claims must be presented for allowance in the probate court is inseparable from the peculiar procedure prescribed in each jurisdiction; it is a part of that procedure and so not like a general statute of limitations, and can only be applied to persons who are bound by such special mode of procedure. But where the statute of nonclaim makes no exception as to any persons or class of persons, the courts can make none; and hence in the absence of some provision to the contrary, the statutes of nonclaim run against nonresident as well as resident, and infant as well as adult claimants, and also against insane persons, and the estate of a deceased creditor."

Our statute makes no exceptions as to persons or classes of persons, and under the rule the minority of the claimant did not suspend the application of the statute. See *Morgan* v. *Hamlet,* 113 U. S. 449 (5 Sup.

Ct. 583). Because of this conclusion it will be unnecessary to discuss the other grounds of demurrer.

The decree of the court below is affirmed, with costs to the defendant.

McALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.