Charles F. Wise filed a claim on contract against the estate of Fredica Wisser. It was heard by commissioners and allowed in part. On appeal to the circuit court there was trial by jury and verdict for the claimant. The court on motion for judgment notwithstanding the verdict ordered judgment for the estate on the ground that as a matter of law the claim was barred by the statute of limitations. Claimant brings error.
 The claim here became due on October 15, 1918. *Page 395 
Bond of the executor was filed and letters testamentary were issued on April 24, 1922, and commissioners on claims who duly qualified were appointed the same day. On March 11, 1927, they filed report of no claims presented. On April 16, 1927, claimant filed petition to revive commission on claims and it was revived as of that day for a period of 30 days. Claimant presented his claim to the revived commission and its allowance produced this lawsuit.
The statute (3 Comp. Laws 1915, § 13870) permitting a creditor to revive the commission at any time before the estate is closed is not here important. The creditor has the right of such revival (Ogooshevitz v. Arnold, 197 Mich. 203), and the merits of his claim, whether good or bad, are not open on petition to revive a commission. The merits are to be determined on a hearing of the claim. Hart v. ShiawasseeCircuit Judge, 56 Mich. 592.
3 Comp. Law's 1915, § 12328, as amended (following § 12323 etseq., the general statute of limitations), provides in part:
"If any person entitled to bring any of the actions before mentioned in this chapter, or liable to any such actions, shall die before the expiration of the time herein limited, or within thirty days after the expiration of the said time, and if the cause of action does by law survive, the action may be commenced by or against the executor or administrator of the deceased person or the claim may be proved as a debt against the estate of the deceased person, as the case may be, at any time within two years after granting letters testamentary or of administration, and not afterwards."
This section is not applicable here, for the period prescribed by the general statute of limitations, here *Page 396 
six years, did not expire during the period ensuing between 30 days before death and two years after granting of letters of administration. Morse v. Hayes, 150 Mich. 597 (13 L.R.A. [N. S.] 1200, 121 Am. St. Rep. 643). In the case at bar, of the six-year limitation there remained nearly two years and six months after issue of letters of administration.
And it was held in Morse v. Hayes, supra, that this statute was not effective to extend the time to enforce a cause of action as to which the period of limitations had still more than two years to run after grant of the letters.
Of 3 Comp. Laws 1915, § 14620, as amended, the trial court correctly held:
"Section 14620, as amended in 1923 by Act No. 5, in my judgment, applies only to claims against estates which have not been probated. This act provides that claims shall be barred after 10 years after the death unless:
"1. Presented to the probate court or to the commissioners on claims appointed by such court, or,
"2. Unless sooner barred by law, notwithstanding that no proceedings shall have been taken to probate such estate.
"This statute, apparently, was intended to provide a point beyond which no action shall survive against a decedent regardless of whether or not the estate has been probated."
It follows that the trial court was right in holding that the only provision of the statute of limitations applicable here is said section 12323, the six-year provision. Accordingly this claim was *Page 397 
barred October 15, 1924, more than two years before it was presented.
Judgment affirmed.
NORTH, C.J., and FEAD, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.