WALKER *v.* VILLAGE OF BROOKLYN.

APPEAL AND ERROR—EXCEPTIONS—NEW TRIAL—FINDINGS OF FACT AND LAW—TRIAL WITHOUT JURY.

Upon the trial of an action to recover back an illegal sidewalk tax, the court sitting without a jury filing no findings of fact and law, where no requests were presented by either party, and no exceptions were taken or filed to the opinion and judgment of the court on behalf of plaintiff and appellant, and the only exceptions appearing in the record were filed after the motion for a new trial was denied, appellant was not entitled to a review of questions presented under Circuit Court Rule 26, subdivisions *c* and *d*.

Error to Jackson; Parkinson, J. Submitted January 11, 1915. (Docket No. 53.) Decided March 17, 1915.

Assumpsit by David Walker against the village of Brooklyn to recover back taxes paid under protest. Judgment for defendant. Plaintiff brings error. Affirmed.

*William H. Martz,* for appellant.

*John E. Shekell,* for appellee.

BROOKE, C. J. Plaintiff herein sued defendant to recover the sum of $20.10 alleged to have been collected under an unlawful sidewalk assessment and for $11.15 for work done for defendant in grading in front of plaintiff's house in the village of Brooklyn. The case was tried by the court without a jury. No requests for finding of fact or law were made by either party. The court filed a written opinion in which he said:

"As I am unable to find that the village acted with-

out jurisdiction in respect to this sidewalk, and as the jurisdictional question has been submitted by counsel as the fundamental one in this case, it follows that judgment must be entered in favor of the defendant, the village of Brooklyn, together with its costs to be taxed."

This opinion was filed on the 3d day of March, 1914, and judgment entered thereon. No requests for amendments to the opinion filed were made by either party. No exceptions were made, taken, or filed to the opinion and judgment filed by the court. On July 7, 1914, plaintiff made a motion for a new trial, assigning 35 specific reasons therefor. That motion was overruled by the court, to which ruling the plaintiff duly excepted. Plaintiff now assigns 64 errors on the refusal of the court to grant his motion for a new trial.

Circuit Court Rule No. 26, subd. "*c*," provides:

"Within four days after the filing of such completed finding (or such other time as may be allowed by the court), any party aggrieved may briefly, in writing, allege exceptions to the matters of law embodied in such finding, and such exceptions shall be thereafter put in form and settled in the same bill, which may contain the exceptions taken during the trial, and in the same manner with bills of exceptions in other cases.

"(*d*) The finding of the facts by the court shall be treated in all respects as a special verdict, and error may be alleged that the same does not support the judgment, as on a special verdict; but no ruling of law embodied in such finding can be reviewed except on exceptions, or on a case made as provided by statute."

In the case of *Nichol* v. *Ward*, 156 Mich. 136 (120 N. W. 569), it was said:

"The case was tried before the judge without a jury. * * * No objection was made, and no exception taken, to the admission of testimony. At the conclusion of the testimony a motion was made to dis-

miss the case. No request was made for special findings of fact and law by the judge. He took the motion under advisement, and later rendered the judgment before stated. No exceptions were taken to the rendition of judgment. No special findings of fact and law have been made. The record does not comply with Circuit Court Rule 26. There is nothing in this court to review." *Haines* v. *Saviers*, 93 Mich. 440 (53 N. W. 531) ; and *Robards* v. *Waterman*, 96 Mich. 233 (55 N. W. 662).

The assignments of error based upon exceptions taken to the denial of a motion for a new trial cannot be considered where, as in the case at bar, there has been an absolute failure to comply with the rules of the court.

The judgment is affirmed.

McALVAY, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.