CASCARELLI *v.* NEW YORK CENTRAL RAILROAD CO.

APPEAL AND ERROR — AMENDMENTS — EXCEPTIONS — FINDINGS OF FACT AND LAW—COURT RULES.

    Where no request was made for amendments to the findings of the trial judge, and no exceptions were made, taken, or filed to the findings and the judgment filed by the court, in compliance with Circuit Court Rule No. 26, defendant and appellant is not properly before the appellate court, and the judgment of the court below is affirmed.

Error to Hillsdale; Chester, J.  Submitted April 19, 1918.  (Docket No. 96.)  Decided July 18, 1918.

Case by Peter Cascarelli against the New York Central Railroad Company for damages to bananas in transit. Judgment for plaintiff. Defendant brings error. Affirmed.

*Herbert R. Clark,* for appellant.

*Paul W. Chase* and *Merton Fitzpatrick,* for appellee.

KUHN, J. In this case plaintiff seeks recovery for damages to a shipment of bananas, which it is claimed resulted from the failure of the defendant carrier to promptly notify the plaintiff, the consignee, that the car of bananas had arrived and had been placed on the team track for unloading, so that the plaintiff might have unloaded the car on the night of its arrival instead of the following morning. The case was tried by the circuit judge without a jury and resulted in a judgment being rendered in plaintiff's favor for $384.68. It is now brought here by writ of error issued prior to the taking effect of Act No. 172 of the Public Acts of 1917.

The findings of the trial judge were filed on February 21, 1917, and judgment was thereon rendered. No requests for amendments to these findings were apparently made or filed by either party, and no exceptions were made, taken or filed to the findings and the judgment filed by the court. On March 7, 1917, the defendant filed a motion for a new trial on the ground that the verdict was not supported by the evidence, was against the weight of the evidence, and was excessive. An order was entered denying this motion, the concluding paragraph of which stated: "Defendant is herein given exceptions to this ruling, and also to findings of fact." The record then states:

"Defendant in due time filed exceptions in writing to the order of the court overruling its motion for a new trial and to its reasons therefor."

202—Mich.—20.

The defendant's counsel urges 13 assignments of error, which relate to claimed errors in the findings of the court, the admission of testimony, the amount of the judgment, and to the refusal to grant the motion for a new trial. No attempt was made to comply with the provisions of Rule No. 45 of the circuit court rules, sections 2, 3 and 4 of which provide as follows:

"SEC. 2. If either party considers the finding not sufficiently full or definite on facts or law, or both, he shall, within ten days after judgment (or such other time as may be granted by the court), propose such amendments to the finding as he may see fit, and serve copies thereof on the adverse party; and such finding shall be settled by the judge who tried the cause, at such time as may be fixed by him for that purpose. The same practice shall prevail in case any party is aggrieved by the refusal or omission to perfect such finding as prevails in cases of exceptions.

"SEC. 3. Within four days after the filing of such completed finding (or such other times as may be allowed by the court), any party aggrieved may briefly, in writing, allege exceptions to the matters of law embodied in such finding, and such exceptions shall be thereafter put in form and settled in the same bill, which may contain the exceptions taken during the trial, and in the same manner with bills of exceptions in other cases.

"SEC. 4. Subject to the statutes, the finding of the facts by the court shall be treated in all respects as a special verdict, and error may be alleged that the same does not support the judgment, as on a special verdict; but no ruling of law embodied in such finding can be reviewed except on exceptions, or on a case made as provided by statute."

The failure to comply with these provisions of the rule (being then known as Circuit Court Rule No. 26) had the consideration of this court in *Walker* v. *Village of Brooklyn*, 184 Mich. 520, and it was there held,—

"The assignments of error based upon exceptions

taken to the denial of a motion for a new trial cannot be considered where, as in the case at bar, there has been an absolute failure to comply with the rules of the court."

See, also, *Federal Audit Co.* v. *Sawyer,* 196 Mich. 566.

Such is the situation here, and the defendant not being properly before the court, the judgment must be, and is, hereby affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.