LAGDEN v. CONCORDIA MUTUAL FIRE INSURANCE CO.
OF BAY, SAGINAW & ARENAC COUNTIES.

INSURANCE—FIRE INSURANCE—VIOLATION OF POLICY—PREJUDICE TO
INSURER—STATUTES—DIRECTED VERDICT.

> In an action on a fire insurance policy, where defendant
> failed to sustain the burden of proof that it had been
> prejudiced by the failure of plaintiff to pay assessments
> or to notify it that he had taken out additional insurance,
> under Act No. 128, Pub. Acts 1911 (2 Comp. Laws 1915,
> § 9481), plaintiff was entitled to a directed verdict.

Error to Bay; Houghton, J. Submitted April 29,
1919. (Docket No. 4.) Decided May 29, 1919.

Assumpsit by Harry T. Lagden against the Concordia Mutual Fire Insurance Company of Bay, Saginaw and Arenac counties on a policy of insurance.
Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Kinnane, Black & Leibrand,* for appellant.

*Curtis E. Pierce,* for appellee.

MOORE, J. This case has been here before and is
reported in 188 Mich. 689. Upon the second trial the
evidence taken on the first trial was read in evidence
and some additional testimony taken. At the close
of the testimony each of the parties asked for a directed verdict. It was the claim of the plaintiff that
Act No. 128 of the Public Acts of 1911 (2 Comp. Laws
1915, § 9481) controlled the case and that a verdict
should be directed in his favor. It was the contention
of the defendant that as the policy was issued in 1908
that Act No. 128 had no applicability and such was
the view of the circuit judge who directed a verdict in
favor of the defendant. The case is brought here by

writ of error. When the case was here before, Justice
BIRD, who wrote the majority opinion, quoted from
many of the provisions of the charter and the by-laws
and it will be helpful to refer to both of the opinions
then filed. It may be well to add some things that did
not appear in the record before. Section 21 of the
charter reads:

"If any person having property insured in this com-
pany shall procure the same to be insured in any other
company it shall be his duty to at once give notice of
such other insurance to the secretary; and the presi-
dent and secretary may in their discretion cancel his
policy, and in case he shall fail to give such notice,
his policy shall be void from the date of such other
insurance, and this company shall not be liable for
any losses occurring after that date."

Section 24 reads in part:

"The board of directors shall make assessments to
pay all claims against the company, but they shall not
(except as hereinafter provided) make more than one
assessment in any one year; * * * that if the
directors cannot borrow money at current rates of
interest to pay losses, the board of directors may make
a second assessment for the purpose."

We quote from section 28:

"If any member shall not pay such assessment with-
in the said thirty days, his policy shall thereupon be
suspended without any further action on the part of the
company or any officer thereof, until he shall have
paid such assessment together with the further sum
of twenty-five per cent. thereon as a penalty. The
treasurer's or receiver's receipt shall be sufficient evi-
dence of such payment, and shall reinstate the policy
from the date of such receipt. The company shall not
be liable to pay any loss on such policy occurring
during the suspension thereof." * * *

The policy had this provision in it:

"Provided, however, that if the said insured shall
refuse or neglect for the space of thirty days after

demand, as provided by the charter of said corporation to pay any assessment or assessments made against said insured according to the charter and by-laws of said corporation, then in such case this policy of insurance shall cease and be of no further binding force and validity whatever as against said corporation until payment of such assessment is made, as provided in section 28 of the charter."

We quote from the testimony of the plaintiff:

"I always paid my assessment. The last assessment I paid was on November 15, 1911; that would pay me up to the 31st of December, 1911. On January 21, 1912, fire destroyed my house and all the contents. * * *

"At the time I took out the other policy of insurance I had my father pay my assessment in the Concordia. I instructed him to tell the treasurer of the company that I had taken out additional insurance in the Patrons' Mutual Fire Insurance Co., of Lansing. The Concordia issued assessments every year and I always paid them."

See *Brady* v. *Insurance Co.*, 11 Mich. 425; *Ladies of the Modern Maccabees* v. *Surety Co.*, 196 Mich. 27.

The father of Mr. Lagden testified that he paid the assessment as requested by his son.

"He had an office up where I went to pay the insurance. He received the money and I told him Mr. Lagden had taken out another insurance in another policy. He said all right. I told him the other company was the Patrons'. He gave me a receipt. I don't know how it was signed."

The treasurer was not called. We think upon this record a verdict should have been directed for the plaintiff.

The case is reversed and a new trial ordered, with costs to the plaintiff.

BIRD, C. J., and OSTRANDER, STEERE, BROOKE FELLOWS, STONE, and KUHN, JJ., concurred.