MESSER v. DORNBOS.

APPEAL AND ERROR—FINDINGS OF FACT AND LAW—EXCEPTIONS TO
FINDINGS—REVIEW.

Where, in a case tried before the court without a jury,
before the rendition of judgment the attorneys for appellant filed a request that the court file written findings
of fact and law in the case, but presented no points of
law nor any proposed findings of fact, and filed no exceptions nor requested any amendments to the findings
of fact and law which were filed, and although errors
are assigned it is not alleged that there is no evidence
to support the judgment, under Circuit Court Rule No.
45 there is nothing for this court to do but to affirm
the judgment of the court below.

Error to Ottawa; Cross (Orien S.), J. Submitted
January 8, 1920. (Docket No. 38.) Decided April
10, 1920.

Replevin by George Messer against Cornelius Dornbos, sheriff of Ottawa county, for goods seized on execution. Judgment for defendant. Plaintiff brings
error. Affirmed.

Lillie, Lillie & Lillie, for appellant.

Charles E. Misner, for appellee.

BIRD, J. This controversy involves an action of replevin which was tried before the court without a
jury. Judgment for the value of the property replevied passed for defendant, he having waived a return of the property. It appears from the record that
Fannie Westerhouse brought an action of tort in the
circuit court for Ottawa county against one Bert Holstege. This suit went to trial and judgment was ren-

dered in her behalf for $1,500, on the 21st day of August, 1918, and on the 14th day of November, 1918, she caused an execution to be issued and levied upon certain live stock and personal property belonging to Holstege. Soon after the levy was made plaintiff, George Messer, who claimed to have a chattel mortgage, executed on August 13, 1918, against the property levied upon, took out a writ of replevin and placed the same in the hands of the coroner, who took the property from the hands of the sheriff. The question most litigated upon the trial was whether the mortgage was a good-faith mortgage. The trial court filed a short opinion in which he found that the chattel mortgage was without consideration and was given for the express purpose of defrauding the creditors of Bert Holstege, and rendered a judgment for the defendant in the sum of $742.

The defendant raises the point that there is nothing for this court to review because of the failure of appellant to comply with Circuit Court Rule No. 45.

Before the rendition of judgment the attorneys for appellant filed a request that the court file written findings of fact and law in the case, but presented no points of law nor any proposed findings of fact. There are certain findings of fact and law in the opinion which was filed, but no exceptions were filed, neither were any amendments thereto requested. Plaintiff has assigned several errors, but it is not alleged in any of them that there is no evidence to support the judgment. The practice under rule 45 (which was formerly rule 26), has been considered by this court on many occasions. In *Haines* v. *Saviers,* 93 Mich. 440, it was said:

"He who desires to review in this court a judgment, wherein a trial was had before the court without a jury, and to question the conclusions reached by such court upon the facts and the law, must have a written

finding, both of facts and law, and must take his exceptions thereto."

Other and more recent holdings to the same effect are: *Weist* v. *Morlock*, 116 Mich. 606; *Oudersluys* v. *Carstens*, 194 Mich. 521; *Cascarelli* v. *Railroad Co.*, 202 Mich. 304; *Engei* v. *Tate*, 203 Mich. 679; *Marshall & Ilsley Bank* v. *Mooney*, 205 Mich. 518; *In re Crane's Estate*, 205 Mich. 673.

Being of the opinion that the objection is well taken, there is nothing left for us to do but to affirm the judgment of the lower court, with costs to the defendant.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.