CURRY *v.* SHEARS.

1. APPEAL AND ERROR—EXCEPTIONS NOT SIGNED BY TRIAL JUDGE STRICKEN FROM RECORD.

Where proposed amendments to the findings of the trial court and exceptions to the findings appear in the printed record, but were not incorporated in the bill of exceptions

signed by the trial judge, the Supreme Court will grant
appellee's motion to strike same from the record.

2. SAME—WHERE EXCEPTIONS NOT PROPERLY FILED — QUESTIONS
OPEN TO REVIEW.

Where exceptions to the findings of the trial court were
not filed within four days, as provided by Circuit Court
Rule No. 45, § 3, the Supreme Court, on error, is pre-
cluded from considering whether the findings are against
the clear weight of the evidence, as is required, when
exceptions are properly taken, by the judicature act (3
Comp. Laws 1915, §§ 12586, 12587), and the only question
open to review is whether the findings of fact support the
judgment.

3. CONTRACTS—WRITTEN CONTRACTS—MODIFICATION BY ORAL AGREE-
MENT.

Parties to a written agreement not required by law to be
in writing may modify, change, or supplement it by a
subsequent oral agreement otherwise valid.

4. JUDGMENT—FINDINGS—SUFFICIENCY.

Findings of the trial court that defendant agreed with
four others to buy and fill an icehouse, that each should
pay one-fifth of the cost, that it was contemplated that
some would use more ice than others, that the price for
ice used in excess of his share should be determined and
paid for at the end of the season; that defendant used
62 tons in excess of his one-fifth share, that the price of
17½ cents per hundred, fixed by a majority of the parties,
was the fair market value, held, sufficient to support
a judgment for $217 in favor of plaintiff, one of the
parties, in behalf of himself and as assignee of the other
three, in an action on said agreement.

Error to Allegan; Cross (Orien S.), J.    Submitted
November 1, 1921.    (Docket No. 105.)    Decided
December 21, 1921.

Assumpsit in justice's court by Cartley I. Curry
against Arthur I. Shears for an amount due for certain
ice.    There was judgment for plaintiff, and defend-
ant appealed to the circuit court.    Judgment for
plaintiff.    Defendant brings error.    Affirmed.

*Charles Thew,* for appellant.

*Clare E. Hoffman,* for appellee.

SHARPE, J.    This case was tried by the court without a jury.    The findings of the court were filed on July 6, 1921.    Proposed amendments thereto were filed by the defendant on July 11, 1921.    Judgment was entered on July 23, 1921.    The defendant's exceptions to the findings, as shown by the calendar entries, were not filed until August 20, 1921, nor were such findings, proposed amendments and exceptions incorporated in the bill of exceptions signed by the trial judge.    They are, however, printed in the record as a part of the bill of exceptions.

Section 3 of Circuit Court Rule No. 45 provides:

"Within four days after the filing of such completed finding (or such other time as may be allowed by the court), any party aggrieved may briefly, in writing, allege exceptions to the matters of law embodied in such finding, and such exceptions shall be thereafter put in form and settled in the same bill, which may contain the exceptions taken during the trial, and in the same manner with the bills of exceptions in other cases."

A motion has been made by plaintiff's counsel to strike out this part of the record.    We feel constrained to grant this motion.    An examination of the original bill of exceptions, certified to by the trial judge and now on file with the clerk of this court, shows that the matter objected to was not included therein.    The defendant's exceptions to the findings were not filed within the four days as required by this rule.    This precludes us from considering whether the findings are against the clear weight of the evidence as is required, when exceptions are properly taken, by sections 14 and 15 of chapter 18 of the judicature act (3 Comp. Laws 1915, §§ 12586, 12587).

The only question therefore open to us to review is whether the findings of fact support the judgment. *Rameau* v. *Valley*, 168 Mich. 569.    See, also, *Simon* v. *Zarevich*, 213 Mich. 662, and cases therein cited.

The findings are as follows:

"The proofs show that the plaintiff and defendant, together with three other business men of Otsego, entered into a written agreement to fill an ice house to supply each with ice.    Each party contributed one-fifth of the expense of filling the ice house.    The parties did not organize a corporation, but did elect officers and held meetings the same as if they had incorporated.    It was understood that some of the parties would use more ice than others, so the question of the price to be paid for the ice was brought up before the meeting for consideration.    On January 6, 1920, at a meeting when all were present, all voted that the question of the price of the ice be left to the end of the season.    Each party used the ice as he needed it and there was not sufficient ice to supply the needs of each of the parties to the end of the season, and each one was compelled to purchase ice to supply his needs.    The defendant used from the ice house sixty-two tons more than his one-fifth of the ice.

"On November 8, 1920, at a meeting when all were present, a motion was made and carried that the defendant be required to pay 17½ cents per hundred for 62 tons of ice used in excess of his share of the ice.    The defendant, by voting at a previous meeting to leave the question of the price of the ice to the end of the season, in effect agreed to pay such an amount for the excess ice to be used by him as a majority should determine to be the fair market price. The price determined at the meeting on November 8, 1920, was the fair market price for the ice. · The defendant used the personal property that belonged to the plaintiff and his assignors, and under the circumstances should pay the fair market price for the same.    The claims of three of the parties to the arrangement were assigned to the plaintiff.

"Judgment may be entered in favor of the plaintiff and against the defendant for 62 tons of ice at

17½ cents per hundred, or a total sum of $217, with costs to be taxed."

These are in the files and signed by the circuit judge. The written agreement mentioned in the first paragraph is not set out, but, as it is referred to and forms a part of the bill of exceptions, we have concluded to treat it as a part of the finding.   It reads:

"This agreement, made this thirty-first day of December, A. D. 1919, by and between C. I. Curry, G. L. Harlan, J. K. Jackson, H. E. Morris, and A. I. Shears, all of Otsego, county of Allegan, and State of Michigan.

"Witnesseth, that the aforesaid parties, have agreed to purchase the ice house at Leighton's Mills, and for the purpose of securing a sufficient quantity of ice for their use for the coming season or subsequent years, does agree with one and another, that each aforesaid party is to stand his, share of the expense of harvesting said ice, and any other expense that may arise from time to time, to the best interest for such ice.

"In witness whereof, the parties to these presents have hereunto set their hands and seals the day and year first above written."

It is signed by the plaintiff and defendant and the three others referred to in the finding.   There is no intimation in this agreement as to the relative quantity of ice each should use.   It is apparent that the parties contemplated some of them should use more than others, else the agreement would have provided that each should pay his one-fifth share.   While the agreement provides that each party "is to stand his share of the expense of harvesting said ice, and any other expense that may arise from time to time," such expense must necessarily have been incurred at the time the ice was put up and before it could be determined how much each would use.   The agreement is therefore silent as to what any one of the five, who should use more than his proportionate share, should

pay to the others for such excess. As the arrangement was not entered into for profit, it would perhaps be presumed that he should pay the expense of putting up, etc., that which he used in excess of the others. But the parties had purchased the ice house and, presumptively, each paid one-fifth of the purchase price. This would naturally enter into a determination of the amount to be paid by the one who got more benefit out of the transaction than the others.

It appears by the finding that the parties agreed that the price for excess should be determined at the end of the season; that at the end of the season they determined by the action of a majority of them that the price should be 17½ cents per 100 pounds and that this was the fair market price thereof.

Parties to a written agreement, not required by law to be in writing, may modify, change or supplement it by a subsequent oral agreement otherwise valid. *Grand Traverse Fruit, etc., Exchange* v. *Canning Co.*, 200 Mich. 95, and cases cited.

The findings, which we must accept as warranted by the proofs, in our opinion support the judgment, and it is therefore affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.