### WORMLEY v. GRAND RAPIDS TRUST CO.

1. APPEAL AND ERROR — FINDINGS IN WRITTEN OPINION MAY BE TREATED AS FINDINGS.

   In a trial before the court without a jury, where no findings, as such, were filed, but an opinion in writing containing findings of fact and law was filed, the Supreme Court may treat the opinion as such findings.[1]

2. SAME—WHETHER FINDINGS AGAINST WEIGHT OF EVIDENCE NOT OPEN TO REVIEW WHERE NO EXCEPTIONS FILED.

   Where appellant failed to file exceptions to the findings of the trial court, the Supreme Court is precluded from considering whether the findings are against the clear weight of the evidence.[2]

3. SAME—WHETHER FINDINGS SUPPORT JUDGMENT NOT OPEN TO REVIEW WHERE NO ERROR ASSIGNED.

   Whether the findings support the judgment may not be considered by the Supreme Court, where no assignment of error presents said question.[3]

4. SAME—QUESTION NOT OPEN TO REVIEW.

   Whether a question, not presented by proper assignment of error, could be considered in the absence of excep-

   ---
   [1]Trial, 38 Cyc. p. 1961; [2]Appeal and Error, 3 C. J. § 825; [3]Id., 3 C. J. § 1476.

   On parol evidence that written instrument which on its face imports a complete transfer of a legal or equitable estate or interest in property was intended as a mortgage, see note in L. R. A. 1916B, 18.

tions to the findings if presented by proper assignment, will not be discussed by the Supreme Court.[4]

Error to Kent; Brown (William B.), J.    Submitted October 7, 1925.    (Docket No. 18.)    Decided December 22, 1925.

Replevin by James C. Wormley, executor of the last will of Maryett Wormley, deceased, against the Grand Rapids Trust Company, executor of the last will of Ella Wormley, deceased, and another for the possession of certain shares of corporate stock.    Judgment for defendants.    Plaintiff brings error.    Affirmed.

*Roman F. Glocheski (Frank Post,* of counsel), for appellant.

*Knappen, Uhl & Bryant,* for appellees.

CLARK, J.    The action is replevin for certain certificates of stock.    There was trial without a jury. Defendants had judgment.    Plaintiff seeks review on error.    The trial judge filed an opinion in writing which counsel have treated as findings of fact and law.    No exception to any of them was filed.    The assignments of error are upon the findings.    In the circumstances we may treat the opinion, containing findings of fact and law, as such findings.    *Jackson* v. *Insurance Co.,* 211 Mich. 378; *Messer* v. *Dornbos,* 210 Mich. 46; *Thurber* v. *Aldrich,* 167 Mich. 656; *White* v. *U. S. Gypsum Co.,* 168 Mich. 238.

Because of the failure of appellant to file exceptions, the point being raised by appellees, we are precluded from considering whether the findings are against the clear weight of the evidence.    Circuit Court Rule No. 45; 3 Comp. Laws 1915, §§ 12586, 12587; *Curry* v. *Shears,* 216 Mich. 699; *Ironton Cross Tie Co.*

[4]Appeal and Error, 3 C. J. § 1470.

v. *Evans*, 146 Mich. 197; *Cope-Swift Co.* v. *Schlaff Creamery Co.*, 223 Mich. 543.

A question usually open, in the absence of exceptions to findings, is that the findings do not support the judgment, but as no assignment of error here presents the question, it cannot be considered. *Weist* v. *Morlock*, 116 Mich. 606; *Dennison* v. *Carpenter*, 213 Mich. 658; *Curry* v. *Shears, supra; Messer* v. *Dornbos, supra.*

Appellant urges error in admitting and rejecting evidence. A reason, here sufficient, for declining to consider such matter is that it is covered by no assignment of error, and whether the matter, if presented by proper assignment of error, could be considered in the absence of exceptions to the findings, need not be discussed.

There is nothing to review.

Judgment affirmed.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.