## ALBA MARKETING ASSOCIATION *v.* ANTRIM CIRCUIT JUDGE.

1. APPEAL AND ERROR—SETTLING BILL OF EXCEPTIONS — STIPULATION—BELATED EXCEPTIONS TO COURT'S FINDINGS—WAIVER.

   Where appellant failed to file exceptions to the findings of the trial court within four days, as required by Circuit Court Rule No. 45, § 3, of which fact appellee's counsel had no knowledge, they did not, by stipulating for a further extension of time in which to settle the bill of exceptions, waive their right to object to embodying in it said belated exceptions when it was presented to the court for settlement.[1]

2. TRIAL—NOTICE OF ENTRY OF JUDGMENT REQUIRED—NOTICE OF FILING COURT'S FINDINGS NOT REQUIRED.

   Although 3 Comp. Laws 1915, § 12586, requires that, in cases tried by the court without a jury, notice of the entry of judgment be given to the parties or their attorneys, there is no requirement that notice of the filing of the court's findings, on which the judgment is based, be given.[2]

3. APPEAL AND ERROR—MANDAMUS WILL NOT ISSUE TO REQUIRE INCORPORATION IN BILL OF EXCEPTIONS BELATED EXCEPTIONS TO COURT'S FINDINGS.

   Mandamus will not issue to compel the trial court to incorporate in the bill of exceptions presented for settlement exceptions to the findings of the court which were not filed within four days, as required by Circuit Court Rule No. 45, § 3.[3]

Mandamus by the Alba Marketing Association to compel Parm C. Gilbert, circuit judge of Antrim county, to vacate an order denying a motion to settle a bill of exceptions. Submitted January 5, 1926. (Calendar No. 32,208.) Writ denied January 28, 1926.

[1]Appeal and Error, 3 C. J. § 844; [2]Trial, 38 Cyc. p. 1954 (Anno); [3]Mandamus, 38 C. J. § 153.

*Clink & Williams,* for plaintiff.

*Penny & Worcester,* for defendant.

STEERE, J.    Plaintiff herein seeks by mandamus an order requiring defendant to revoke previous orders refusing to embody in plaintiff's proposed bill of exceptions its belated exceptions to the court's findings of fact and conclusions of law in a case arising in Antrim county entitled Michigan Potato Growers' Exchange *v.* Alba Marketing Association. The case was tried before the court without a jury and submitted March 5, 1925.    After trial was concluded and the case submitted the trial judge, in the presence of counsel for both parties, announced his decision and dictated to the court stenographer his findings of fact and conclusions of law in said cause, the result being a judgment in favor of plaintiff therein for the sum of $978.12.    The court further stated to or in the presence of counsel for both sides that the findings of fact and conclusions of law so dictated by the court would be transcribed by the stenographer, then signed and filed by the judge with the clerk of said court, and would stand as the findings of fact and conclusions of law in the case, to which both sides assented.    Pursuant thereto the court stenographer transcribed such findings of fact and law as dictated by the court and on March 10, 1925, delivered his transcript of the same to the circuit judge who on the same day signed and filed the same with the clerk of the court.    On the following day, March 11, 1925, a judgment was entered in said cause in favor of the plaintiff for the sum of $978.12.    Notice of the entry of said judgment was duly mailed to defendant's counsel on March 14, 1925, and admittedly received March 16, 1925.

On March 5, 1925, when judgment was announced with findings of fact and conclusions of law dictated as above stated, the defense was granted a stay of

20 days to settle a bill of exceptions, move for a new trial, or take such other steps as might be advised, and, upon filing a stenographer's certificate with the statutory bond, a further extension of 60 days was granted, making 80 days in all. No further or other order extending the time was made until May 21, 1925, when a short stipulation of counsel extending the time "for settling the bill of exceptions in the above entitled cause" to June 29, 1925, was presented to the court, and an order of extension in harmony with such stipulation was signed by the judge at the foot thereof.

No exceptions to the court's findings of fact and conclusions of law thereon were made when the same were dictated at close of the trial, or thereafter filed in said cause until April 30, 1925, and no proposed amendments or notice of filing such exceptions were ever given to plaintiff or its attorney. They had no notice or knowledge of defendant's failure to file exceptions within the time required by rule until after signing the stipulation of May 21, 1925, to extend time for settling a bill of exceptions.

On June 18, 1925, counsel for the respective parties in said cause appeared before the circuit judge and defendant's counsel presented its proposed bill of exceptions for settlement. Plaintiff's counsel objected to the court settling and signing the same as presented for the reason it contained exceptions to the court's findings and conclusions, while no exceptions to them had been filed or served upon opposing counsel within the time required. The court thereupon declined to sign said proposed bill of exceptions as presented, but offered to sign a bill of exceptions containing the pleadings, findings, judgment, etc., and extended the time for settling a bill to July 15, 1925. The bill as presented on June 18, 1925, does not appear in this record.

On July 15, 1925, defendant's counsel moved the trial court to vacate its order of refusal to settle its

proposed bill of exceptions as presented on June 18, 1925, and to sign the same, which the court declined to do unless the exceptions to the court's findings which it contained were eliminated, and on motion of defendant's counsel further extended the time for settling a bill of exceptions in the case until August 5, 1925. Two days before that time expired, on August 3, 1925, defendant's counsel moved the court to vacate its orders of June 18th and July 15, 1925, and to further extend the time for settling "said bill of exceptions as presented."

This motion was supported by the affidavit of defendant's counsel that no copy of the court's findings of fact and conclusions of law filed in the case was ever served on defendant or its counsel, that he first learned the court had filed such findings on April 27, 1925, when looking over the court's calendar entries in the clerk's office, and within four days thereafter, on April 30, 1925, exceptions to the court's findings of fact and law were duly filed. The court then briefly stated what took place in the presence of all parties in interest at the close of the trial as before related, which counsel for defendant who was then present conceded to be true, and denied the motion for the reasons before stated, again offering to sign a bill with defendant's exceptions to the court's findings eliminated, if desired. Defendant's counsel insisted they should be incorporated in the bill and later instituted these proceedings.

The grounds urged in support of this application for a mandatory writ are, in substance, that defendant was entitled to a notice of the time of filing the court's findings of fact and conclusions of law, that defendant's exceptions filed on April 30, 1925, were filed within four days of the time defendant's counsel first learned the court's findings and conclusions had been filed and therefore entitled to be included in the bill of exceptions, and that plaintiff's right to object to

them was waived by signing a stipulation for extension of time.

The stipulation of May 21, 1925, was simply for extension of time with no concession or suggestion as to what the bill of exceptions might contain.   It was not made within the time for filing exceptions, defendant had given no notice of filing its exceptions on April 30, 1925, and plaintiff's counsel then had no notice or knowledge whether they had been filed in time, or at all.   Neither did counsel, or the court, ever question defendant's right to have a bill of exceptions settled, the only objection being its right to embody in it the belated exceptions to the court's findings. We discover nothing in the stipulation implying waiver of right to interpose objections or amendments to defendant's proposed bill of exceptions when presented to the court for settlement.

No authority is cited, and we find none, requiring notice of filing the court's findings to be given counsel on either side.   Notice of judgment thereon is, however, required by statute to be given as follows:

"SECTION 14. In giving the decision in actions at law, the court shall specify in writing the facts found and the conclusions of law therein, upon the request of either party.   Such findings shall be forthwith filed with the clerk of the court and judgment entered thereon, and notice of the entry of such judgment shall be given to the parties, or their attorneys, by said clerk."   3 Comp. Laws 1915, § 12586.

The law contemplates that findings, when requested, shall be filed as foundation of the judgment, to be treated as a special verdict, and notice of the judgment is by implication notice that the findings upon which it is based have been recently filed.   On March 14, 1925, notice of entry of judgment was served by mail on defendant's attorney and admittedly received on March 16, 1925.   No exceptions to these findings were filed until April 30, 1925, or nearly six weeks

later.    Circuit Court Rule No. 45, which in its various aspects has many times been before this court for consideration, specifically provides, as applicable here:

"SECTION 3. Within four days after the filing of such completed finding (or such other time as may be allowed by the court), any party aggrieved may briefly, in writing, allege exceptions to the matters of law embodied in such finding, and such exceptions shall thereafter be put in form and settled in the same bill, which may contain the exceptions taken during the trial, and in the same manner with bills of exceptions in other cases."

The significance of this provision of the rule, when objection is made to its nonobservance, is emphasized in *Curry* v. *Shears*, 216 Mich. 699, and *Gervickes* v. *Assurance Co.*, 222 Mich. 103; citing preceding cases. So far as this record discloses, the defendant in that case never filed or served any proposed amendments to the findings filed by the court, nor any exceptions thereto, until nearly six weeks after receiving notice of entry of judgment.    Neither did it ever make application to the trial court for extension of time to take any steps looking to an appeal, except for time in which to settle a bill of exceptions.    When the latter was presented for settlement and objection made to its belated exceptions, it stood squarely upon its legal right to have them made a part of the bill because no notice was served upon it of filing the court's findings, and within four days after learning the court had filed written findings defendant's counsel prepared and filed its exceptions thereto.    Under the undisputed facts in this case we are constrained to hold that when objection was made to incorporating such exceptions in the proposed bill the court was justified in declining to do so.

The mandatory writ asked for is therefore denied.

BIRD, C. J., and SHARPE, SNOW, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.