J. L. HUDSON CO. *v.* APARTMENT INVESTMENT CORPORATION.

1. APPEAL AND ERROR—TRIAL WITHOUT JURY—OPINION OF TRIAL COURT TREATED AS FINDING—QUESTION REVIEWABLE.

On review of a case tried before the court without a jury, where there was no request for findings and none filed, the opinion of the trial court, which appears in the record, may be treated as a finding, and the question thus presented is whether the finding of fact supports the judgment.

2. CHATTEL MORTGAGES—SALES—TITLE-RETAINING CONTRACTS—CONDITIONAL SALE CONTRACT.

A contract for the sale of certain furnishings, providing that the buyer is to have possession until he defaults, but that the title is to remain in the seller until the purchase price is fully paid, at which time the seller is to transfer title, and in case of default the seller has the option of declaring the remaining payments due forthwith, and, if not paid, take possession of the property and treat the contract as void, and all payments made thereunder as rent for the use of same, is a conditional sale contract and not a chattel mortgage, since, when the seller took possession, the debt was extinguished.

Error to Wayne; McPeek (Russell R.), J., pre-
siding. Submitted June 6, 1928. (Docket No. 30,
Calendar No. 33,773.) Decided October 24, 1928.
Rehearing denied January 7, 1929.

Replevin by J. L. Hudson Company against the
Apartment Investment Corporation and Martin E.
Adamson for the possession of goods sold on con-
ditional sales contract. Judgment for plaintiff. De-
fendant Adamson brings error. Affirmed.

*Joslyn, Joslyn & Joslyn,* for appellant.

*Bernard A. Clark,* for appellee.

SHARPE, J. This case was tried by the court with-
out a jury. No requests for findings were filed. The
opinion of the trial court in deciding the case ap-
pears in the record. We may treat it as a finding.
*Wormley* v. *Grand Rapids Trust Co.,* 232 Mich. 680.
The question presented is, Does the finding of fact
support the judgment? *Curry* v. *Shears,* 216 Mich.
699.

On August 11, 1924, the plaintiff entered into a
contract to sell to the Lewis Institute & School for
Stammerers certain furnishings, described therein,
for the sum of $6,073.83, payable on fixed dates as
therein stated. The contract further provided:

"Vendee to have possession of above described
merchandise until he defaults hereunder, but the
title to remain in vendor until the purchase price is
fully paid, at which time vendor will transfer title
to vendee. Said above described merchandise shall
not be removed from 155 Stimson Place, Detroit,
Michigan, without vendor's written consent.

"If vendee fails to make any payment when due,
or removes said property from the place designated
without vendor's written consent or otherwise vio-

lates this contract, vendor may at its option declare the remaining payments due forthwith, and if not paid, may without notice take possession of said above described merchandise wherever found, treat this contract as void, and all payments made thereunder as rent for use of said above described merchandise.''

The defendant claims title under a sale made by order of a referee in bankruptcy. The question on which the rights of the parties depend is whether the contract is one of conditional sale or a chattel mortgage. The trial court concluded as a matter of law that it was a conditional sale contract, and entered a judgment for plaintiff. In this he was clearly right. In legal effect the contract in no way differs from that before this court in the recent case of *Contractors Equipment Co.* v. *Reasner,* 242 Mich. 589. The decisions of this court were reviewed at length in that case by Mr. Justice FELLOWS, and the conclusion reached that the contract in question was one of conditional sale. In that case the right of the vendor to retake possession was contingent upon his declaring ''this contract at an end,'' and in this case upon his treating ''this contract as void.'' When the plaintiff took possession, the debt was extinguished. It might, under the contract, exercise either of two inconsistent rights, but not both.

The judgment is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.