AMERICAN STEEL & WIRE CO. *v.* LIPPMAN.

APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW—FAILURE TO FILE FINDINGS OF FACT OR LAW.

Where, in a case tried before the court without a jury, no findings of fact or conclusions of law were filed, and none requested until over two and one-half months after entry of judgment, when the trial judge declined to make and file them, the condition of the record is such that the Supreme Court is unable to consider the principal questions raised; and, under the circumstances, such questions were not preserved by motion for a directed verdict.

Error to Wayne; Cross (Orien S.), J., presiding. Submitted October 4, 1928. (Docket No. 57, Calendar No. 33,987.) Decided December 4, 1928.

Assumpsit by the American Steel & Wire Company against Leon C. Lippman and Harry J. Lippman, copartners as the Tool Shop Hardware Company, for goods sold and delivered. Judgment for plaintiff. Defendants bring error. Affirmed.

*Harry J. Lippman,* for appellants.

*Douglas, Barbour, Moll & Wing (H. B. Desenberg,* of counsel), for appellee.

FELLOWS, J. This case was tried by the court without a jury. No findings of fact or conclusions of law were filed, and not until over two and one-half months after the entry of judgment was there any request made that they be filed. The trial judge then declined to make and file them. Under the repeated decisions of this court, the defendants have not made a record which enables us to consider the principal questions raised. Defendants insist that such questions are preserved by their motion for a directed verdict, although there was no jury there to direct, and cite *Gervickes* v. *Assurance Co.,* 222 Mich. 103. But in that case there were specific findings of fact filed, and we held that under the motion for a directed verdict, we could consider whether the facts found were supported by any testimony. But here no facts have been found, and in the absence of such findings it is difficult to perceive how we can decide whether the proofs support nonexistent findings. An examination of the entire record satisfies us that no injustice is done defendants by sustaining this question of practice which is urged upon us by plaintiff's counsel.

There are assignments of error relating to rulings on the admissibility of testimony, but they are without merit

The judgment will be affirmed.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.