## SPARZAK v. LACHUT.

APPEAL AND ERROR—EXCEPTIONS TO FINDINGS.
   Where no exceptions were filed to opinion of trial court,
   treated as finding of fact and law, as required by Circuit
   Court Rule No. 45, judgment of trial court is affirmed.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted April 9, 1930. (Docket No. 32, Calendar No. 34,801.) Decided June 2, 1930.

Assumpsit by John Sparzak against Edward Lachut and another for money loaned. From judgment for plaintiff, defendants bring error. Affirmed.

*Charles A. Svenson* (*Samuel Brezner*, of counsel), for plaintiff.

*John A. Ricca*, for defendants.

POTTER, J. Plaintiff sued defendant in Wayne circuit, declaring on all the common counts in assumpsit. A bill of particulars indicated plaintiff claimed to have loaned defendant $1,200, upon which there was a balance due of $1,010. Accompanying the bill of particulars was an affidavit of merits. Defendant pleaded the general issue, and filed an affidavit denying any indebtedness to plaintiff. There was judgment for plaintiff for $1,439.35, being the amount claimed by plaintiff and interest. The case was tried before the court without a jury. No requests for findings of fact and law were filed, and none were filed. The court dictated his findings

of fact and law in the form of an opinion, and stated they might be considered as a finding of fact and conclusion of law. No exceptions thereto were filed. No attempt was made to comply with Circuit Court Rule No. 45. A motion for a new trial was made and denied. Defendant brings error. The case differs from *Buitendorp* v. *Moore,* 242 Mich. 51; *Smarr* v. *Colgrove,* 242 Mich. 56, and analogous cases because the court dictated what was treated as a finding of fact and law. The case is governed by the rules, so far as applicable, laid down in *Wormley* v. *Grand Rapids Trust Co.,* 232 Mich. 680.

Defendants claim the findings of fact are contrary to the great weight of the evidence, that no proper testimony supports the judgment; error in admitting in evidence the bank book claimed to be that of plaintiff and wife, and the debt sued for, if it existed, belonged to plaintiff and his deceased wife, and he could not sue as survivor. There is ample testimony tending to show plaintiff was an industrious, hard-working man who saved his money; that his wife, during her lifetime, kept house and deposited his earnings, not needed for household expenses, in the bank, in her name, and later in the name of herself and the plaintiff jointly, that when the loan was made by defendants, plaintiff's wife drew the money from the bank and gave it to plaintiff, who loaned it to defendants; that defendants still owe plaintiff the amount for which judgment was entered by the trial court. The judgment is affirmed, with costs to plaintiff.

Wiest, C. J., and Butzel, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.