*In re* EASON'S ESTATE.

EASON *v.* EASON'S ESTATE.

Appeal and Error—Exceptions to Findings.
  Under Circuit Court Rule No. 45, § 2, and 3 Comp. Laws 1915, §§ 12586, 12587, exceptions to trial court's findings, made at request of parties, filed more than 10 days after filing of said findings, were filed too late, presenting no question for review.

Error to Wayne; Miller (Guy A.), J. Submitted April 17, 1930. (Docket No. 10, Calendar No. 34,811.) Decided June 2, 1930. Rehearing denied June 27, 1930.

Petition for allowance of account of Fred Eason and another, executors of the estate of John Henry Eason. From an order allowing the account and attorney fees, plaintiffs appealed to the circuit court. From order dismissing appeal, plaintiffs bring error. Affirmed.

*Edmund M. Sloman,* for plaintiffs.

*Clarence G. Hill* and *Lodge & Brown,* for defendant.

POTTER, J. Elvira Eason and George Eason were executrix and executor, administratrix and administrator, of the estate of John Henry Eason, deceased, administered in the probate court of Wayne county. Upon the hearing of their account, Clarence G. Hill, Frank T. Lodge, and Patrick H. O'Brien, who had represented the interests of the estate as attorneys during its administration, were allowed, by the probate court, $3,000, $2,000, and $2,000, respectively, as compensation for services rendered. From that order an appeal was taken to the circuit court of Wayne county, where the order was affirmed, and the case is here on writ of error. It was tried in the circuit court without a jury. The parties filed requests for findings of fact and law. The court made such findings in the form of an opinion, December 5, 1928. No proposed amendments to the trial court's findings of fact and law were filed until December 27, 1928. They were re-filed February 5, 1929.

Circuit Court Rule No. 45, § 2, provides:

"If either party considers the finding not sufficiently full or definite on facts or law, or both, he shall, within ten days after judgment (or such other time as may be granted by the court), propose such amendments to the finding as he may see fit, and serve copies thereof on the adverse party; and such finding shall be settled by the judge who tried the cause, at such time as may be fixed by him for that purpose. The same practice shall prevail in case any party is aggrieved by the refusal or omission

to perfect such finding as prevails in cases of exceptions."

Appellants' proposed exceptions to the findings of fact and law of the circuit court were filed too late. *Thurber* v. *Aldrich*, 167 Mich. 656. The case is governed by *Wormley* v. *Grand Rapids Trust Co.*, 232 Mich. 680, where it is said:

"The trial judge filed an opinion in writing which counsel have treated as findings of fact and law. No exception to any of them was filed. The assignments of error are upon the findings. In the circumstances we may treat the opinion, containing findings of fact and law, as such findings. *Jackson* v. *Insurance Co.*, 211 Mich. 378; *Messer* v. *Dornbos*, 210 Mich. 46; *Thurber* v. *Aldrich*, 167 Mich. 656; *White* v. *U. S. Gypsum Co.*, 168 Mich. 238.

"Because of the failure of appellant to file exceptions, the point being raised by appellees, we are precluded from considering whether the findings are against the clear weight of the evidence. Circuit Court Rule No. 45; 3 Comp. Laws 1915, §§ 12586, 12587; *Curry* v. *Shears*, 216 Mich. 699; *Ironton Cross Tie Co.* v. *Evans*, 146 Mich. 197; *Cope-Swift Co.* v. *Schlaff Creamery Co.*, 223 Mich. 543.

"A question usually open, in the absence of exceptions to findings, is that the findings do not support the judgment, but, as no assignment of error here presents the question, it cannot be considered. *Weist* v. *Morlock*, 116 Mich. 606; *Dennison* v. *Carpenter*, 213 Mich. 658; *Curry* v. *Shears, supra; Messer* v. *Dornbos, supra.*"

The judgment of the circuit court is affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, CLARK, MCDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.