DEDMON v. SARKESION.

VENDOR AND PURCHASER—FORFEITURE—DEFICIENCY.

Vendor forfeiting contract by exercising his right to declare it "at an end and to take immediate possession," and retain property and payments as "liquidated damages," could not thereafter foreclose contract and recover deficiency, although he notified vendee when he took possession that he would foreclose and hold vendee for deficiency.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 15, 1930. (Docket No. 91, Calendar No. 34,809.) Decided December 2, 1930.

Bill by Walter L. Dedmon against Martin Sarkesion to cancel a land contract. Cross-bill by defendant to recover a deficiency under foreclosure of the contract. From an order dismissing the cross-bill, defendant appeals. Affirmed.

*Wynn, Zinn & Freimuth,* for plaintiff.

*Frank A. Martin* and *John P. Murphy,* for defendant.

NORTH, J. Defendant sold plaintiff a confectionery store in Detroit. Eight hundred dollars was paid down. The parties entered into a written agreement reciting this down payment and providing that the remaining $1,700 should be paid in monthly installments evidenced by 18 promissory notes. The first installment, amounting to $75, was payable October 11, 1929. Plaintiff defaulted in payment. On October 17th, he tendered a return of the property to defendant, claiming he had defrauded plaintiff by misrepresentations made incident to the purchase of the store, and in consequence thereof plaintiff demanded a return of his notes and the purchase price which he had paid. Defendant took possession, but claims he did so under the terms of the written instrument they had entered into which provided:

"That in case of default in any of the payments of principal or interest, when due as above specified, and for ten days thereafter, the said first party (the defendant) shall thereupon forthwith have the right to declare this contract at an end, and to take immediate possession of said above described prop-

erty, and in such case, the said property, as well as all payments of principal or interest which shall have been made hereon, shall belong to and be retained by said first party as liquidated damages for nonperformance of this contract on the part of said second party and for the use of and injury to said property.''

On October 21st, the plaintiff filed a bill of complaint claiming cancellation of the contract and notes, repayment of consideration, a lien on the property to secure such repayment, and injunctive relief. Defendant filed an answer denying the alleged fraud, and by cross-bill asked that plaintiff be decreed to pay defendant a claimed deficiency of $875 and that defendant have execution therefor. In this cross-bill defendant alleges that when he took possession he notified plaintiff he would foreclose the agreement entered into between them and would hold plaintiff for any deficiency; and further, defendant alleges he did cause the contract to be duly foreclosed and a bill of sale was given to the purchaser by the constable who had the forecloseure sale in charge; that this sale brought $825, thus leaving the deficiency of $875 for which defendant in his cross-bill asked a decree and execution. The circuit judge denied defendant's right to relief on his cross-bill, and he has appealed to this court.

The holding below was right. This contract has the usual provision giving the vendor the right upon vendee's default to declare the contract void and ''at an end, and to take immediate possession,'' and retain the property and all payments made ''as liquidated damages.'' That is exactly what the defendant elected to do. His declaration at the time that he would hold the vendee for any deficiency resulting from the sale of the property gave him no additional right. There is no provision in this agree-

ment by which the vendee is made liable for a deficiency. The contract was "at an end" when the vendor exercised his right of forfeiture. *Perkins* v. *Grobben,* 116 Mich. 172 (39 L. R. A. 815, 72 Am. St. Rep. 512); *McBryan* v. *Universal Elevator Co.,* 130 Mich. 111 (97 Am. St. Rep. 453); and *J. L. Hudson Co.* v. *Apartment Investment Corporation,* 244 Mich. 529. The same principle is announced incident to the foreclosure of a land contract in *Chicago Boulevard Land Co.* v. *Apartment Garages,* 245 Mich. 448. In *Youngs Mining Co.* v. *Courtney,* 219 Fed. 868, it is said:

"It is settled law in Michigan that the vendor in an executory sale contract, exercising his contractual right of forfeiture for the vendee's nonperformance, cannot at the same time thus rescind the contract and also enforce its matured provisions. Specifically, it is held that such a vendor, either of real estate or personalty, who has forfeited the contract and taken back possession because the vendee failed to make a payment when it was due, cannot maintain an action to recover that payment. The cases as to personalty are reviewed and applied in *Perkins* v. *Grobben,* 116 Mich. 172 (39 L. R. A. 815, 72 Am. St. Rep. 512)."

The holding of the circuit judge is affirmed, and the case is remanded for adjudication of issues presented by the bill and answer. Costs of this court to the appellee.

Butzel, Clark, McDonald, Sharpe, and Fead, JJ., concurred. Wiest, C. J., and Potter, J., concurred in the result.